UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-1-BO



FILED
NOV 0 5 2004
L. CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

| UNITED STATES OF AMERICA | MOTION TO COMPEL |
|---|---|
| v. | |
| DAVID A. PASSARO | |

David A. Passaro, by and through his counsel moves this Honorable Court for an Order compelling the Government to produce its witness list. In support of this motion, the defendant shows unto the Court the following:

On August 27, 2004, the Honorable Terrence W. Boyle conducted a bond hearing, wherein the district court set forth conditions of Mr. Passaro's release pending trial. During the hearing, the Government requested that Mr. Passaro be restricted from access to or contact with any of the Government's potential trial witnesses. (Bond hearing Tr. at 3). The district court granted the Government's request. *Id.* at 3-5. The Government then stated, "We'll have to coordinate with defense counsel and with probation, your honor. We'll supply a witness list, I would imagine." *Id.* at 4. The district court then stated, "Then maybe by next week you can put out a schedule of the people that you don't want him to have contact with." *Id.* at 5. Counsel for the Government replied, "That seems a reasonable solution." *Id.*

As of the date of filing this motion, the Government has not produced the aforementioned list despite repeated requests for same from defense counsel. Therefore, the defendant respectfully

1

requests that this Court enter an Order compelling the Government to produce its prohibited contact list so that Mr. Passaro may comply with the conditions of his release.

Respectfully requested this 5th day of November, 2004.

*Thomas P. McNamara*
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAMES A. CANDELMO
United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by hand delivering a copy of same

This the 5th day of November, 2004.

*Thomas P. McNamara*
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099

```
 1                UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF NORTH CAROLINA
 2                     WESTERN DIVISION

 3

 4   UNITED STATES OF AMERICA,    )
                                  )
 5        V.                      )     5:04-CR-211-1-BO
                                  )
 6   DAVID ANTHONY PASSARO,       )
                 DEFENDANT.       )
 7   _____)

 8
                        BOND HEARING
 9                     AUGUST 27, 2004
         BEFORE THE HONORABLE TERRENCE W. BOYLE
10              CHIEF U.S. DISTRICT JUDGE

11


12
     APPEARANCES:
13
     FOR THE GOVERNMENT:
14
     MR. JOHN BOWLER
15   ASST. U.S. ATTORNEY
     310 NEW BERN AVE.
16   RALEIGH, NC   27611

17
     FOR THE DEFENDANT:
18
     MR. THOMAS MCNAMARA
19   MR. ALAN DUBOIS
     FEDERAL PUBLIC DEFENDER OFFICE
20   RALEIGH, NC

21

22

23

24

25   COURT REPORTER: DONNA J. TOMAWSKI
     STENOTYPE WITH COMPUTER AIDED TRANSCRIPTION
```

1          FRIDAY, AUGUST 27, 2004

2          THE COURT: THIS IS IN THE CASE OF UNITED STATES
3   VERSUS PASSARO. I GUESS THE GOVERNMENT REQUESTED THAT I
4   HAVE A HEARING TO PRESENT THE DEFENDANT WITH A SET OF
5   CONDITIONS OF RELEASE, AS FAR AS HIS RELEASE BEING
6   IMPLEMENTED; IS THAT RIGHT?
7          MR. BOWLER: THAT'S RIGHT. THANK YOU, YOUR
8   HONOR.
9          THE COURT: MR. MCNAMARA, YOU ARE HERE
10  REPRESENTING THE DEFENDANT?
11         MR. MCNAMARA: YES, YOUR HONOR.
12         THE COURT: HAVE YOU GONE OVER THESE CONDITIONS
13  WITH HIM?
14         MR. MCNAMARA: I HAVE.
15         THE COURT: DO YOU HAVE ANY OBJECTION OR COMMENT
16  ABOUT ANY OF THEM?
17         MR. MCNAMARA: NO. NO REAL OBJECTION. WE JUST
18  NEED A FEW DAYS TO DO THE PROPER --
19         THE COURT: I TOLD THEM THEY COULD HAVE UNTIL
20  WEDNESDAY, IF THAT'S A PRACTICAL AMOUNT OF TIME TO SECURE
21  THE LIEN. ISN'T THAT WHAT YOU ARE TALKING ABOUT?
22         MR. MCNAMARA: THAT'S RIGHT. WE'LL HAVE TO
23  CONTACT THE LAWYER THAT DID THE TITLE SEARCH.
24         THE COURT: IF YOU CAN'T GET IT WEDNESDAY, TELL
25  US AND MAYBE YOU CAN GET IT THURSDAY.

```
 1              MR. MCNAMARA:  SURE.  THAT'S NOT A PROBLEM.  WE
 2   CAN DO THAT.
 3              THE COURT:  AND I NEED TO ADDRESS THE DEFENDANT
 4   AND GET HIS COMMITMENT TO THESE CONDITIONS.
 5              MR. BOWLER:  THAT'S WHAT WE WOULD ASK, YOUR
 6   HONOR.
 7              THE COURT:  MR. PASSARO, HAVE YOU HAD A CHANCE
 8   TO REVIEW THE CONDITIONS OF RELEASE THAT HAVE BEEN SET
 9   OUT?
10              MR. PASSARO:  YES, YOUR HONOR, I HAVE.
11              THE COURT:  AND DO YOU ACCEPT THOSE?
12              MR. PASSARO:  I DO, YOUR HONOR.
13              THE COURT:  YOU UNDERSTAND YOU ARE BOUND BY
14   THOSE?
15              MR. PASSARO:  I DO, YOUR HONOR.
16              THE COURT:  AND YOU UNDERSTAND THAT IF YOU
17   VIOLATE THOSE YOUR RELEASE MAY BE REVOKED?
18              MR. PASSARO:  I DO, YOUR HONOR.
19              THE COURT:  WITH RESPECT TO THE GOVERNMENT'S
20   REQUEST REGARDING WITNESSES.  I MADE A MODIFICATION OF
21   THAT.  I MIGHT AS WELL MAKE IT CLEAR:  YOU DON'T WANT THE
22   DEFENDANT TO ACCESS OR CONTACT OR OTHERWISE AFFECT IN ANY
23   WAY YOUR WITNESSES, BUT CERTAINLY THE DEFENDANT CAN HAVE
24   ACCESS TO HIS OWN WITNESSES?
25              MR. BOWLER:  THAT'S TRUE, YOUR HONOR.
```

```
 1          THE COURT:  THAT'S UNDERSTOOD, OKAY.  AND THE
 2  PROHIBITION THAT'S IN PLACE WITH RESPECT TO THE DEFENDANT
 3  AND WITNESSES DOESN'T OPERATE AGAINST THE DEFENDANT'S
 4  LAWYERS SO LONG AS THEY ARE ACTING WITHIN A PROFESSIONAL
 5  CAPACITY AND UNDER THE NORMAL RULES OF PRACTICE.  YOU
 6  UNDERSTAND THAT?
 7          MR. BOWLER:  I THINK THAT'S MANDATED BY THE
 8  CONSTITUTION, YOUR HONOR.
 9          THE COURT:  OKAY.  GOOD.  ALL RIGHT.
10          MR. MCNAMARA:  YOUR HONOR, IN THAT REGARD, WE'LL
11  NEED TO KNOW WHO THE PROSECUTION WITNESSES ARE.
12          THE COURT:  WELL, THAT'S A MATTER OF DISCOVERY.
13          MR. MCNAMARA:  WELL I AGREE WITH YOU, BUT
14  SUPPOSE HE TALKS TO ONE TOMORROW AND DOESN'T KNOW IT'S A
15  GOVERNMENT WITNESS.
16          THE COURT:  HOW ARE YOU GOING TO GO ABOUT
17  ESTABLISHING THAT?
18          MR. BOWLER:  WE'LL HAVE TO COORDINATE WITH
19  DEFENSE COUNSEL AND WITH PROBATION, YOUR HONOR.  WE'LL
20  SUPPLY A WITNESS LIST, I WOULD IMAGINE.
21          THE COURT:  LET'S SAY, AS A BASELINE, THE PEOPLE
22  WHO HAVE BEEN IN CONTACT WITH THE DEFENDANT SINCE HIS
23  ARREST AND WITH WHOM HE'S HAD COMMUNICATION ARE PERMITTED
24  TO CONTINUE THAT.  THAT'S SO THAT HE CAN'T GET BLIND-SIDED
25  BY SAYING WELL SO AND SO IS GOING TO BE A GOVERNMENT
```

```
 1  WITNESS.  YOU FOLLOW ME?  AT LEAST AS A BASELINE PEOPLE
 2  LIKE HIS FRIENDS AND OTHERS WHO HAVE BEEN IN CONTACT WITH
 3  HIM WHILE HE'S BEEN IN JAIL CAN CONTINUE TO HAVE THAT
 4  CONTACT.  THEN MAYBE BY NEXT WEEK YOU CAN PUT OUT A
 5  SCHEDULE OF THE PEOPLE THAT YOU DON'T WANT HIM TO HAVE
 6  CONTACT WITH.
 7           MR. BOWLER:  THAT SEEMS A REASONABLE SOLUTION.
 8  WE REQUEST THE TWO FORMER SPOUSES, AS THEY EXPRESSED TO BE
 9  ON A "NO CONTACT" LIST.
10           THE COURT:  EXCEPT TO THE EXTENT HE CONTINUES TO
11  HAVE VISITATION OR ACCESS TO HIS CHILD WHO'S IN CUSTODY OF
12  ONE OF THE SPOUSES.  SO IN TERMS OF THE CASE YES, BUT IN
13  TERMS OF HIS DOMESTIC CUSTODY SITUATION, I WOULD SAY NO.
14           MR. BOWLER:  WE WOULD JUST ASK THAT THAT
15  EXCEPTION, WHICH WE AGREE IS A NECESSITY, BE MONITORED BY
16  THE PROBATION DEPARTMENT.
17           THE COURT:  THAT'S FINE. ALL RIGHT.  GO AHEAD,
18  MR. BOWLER.
19           MR. BOWLER:  THE ONLY REMAINING POINT THAT I CAN
20  THINK OF AT THIS TIME IS WE WOULD REQUEST HIS RELEASE NOT
21  BE EFFECTED UNTIL HE SIGNS THAT FORFEITURE BOND.
22           THE COURT:  BUT NOT THE SECURITY?
23           MR. BOWLER:  WELL, NO, WE ENVISION THAT UNTIL --
24           THE COURT:  WELL, I DIDN'T -- THAT'S WHY I SAID
25  THIS MORNING WHEN THE CONDITIONS WERE -- YOU REQUESTED
```

```
 1   THESE OTHER CONDITIONS THAT WERE NOT IN THE BLANK ORDER.
 2   MY APPROACH TO IT WAS OBVIOUSLY YOU CAN'T COME IN AT 11
 3   O'CLOCK ON A FRIDAY MORNING AND EXPECT HIM TO HAVE A NOTE,
 4   DEED OF TRUST, AND SECURITY TO UNENCUMBER HIS HOUSE AND,
 5   YOU KNOW, BE RELEASED THAT SAME DAY.  PEOPLE DON'T WALK
 6   AROUND WITH THAT IN THEIR BACK POCKET READY TO GIVE YOU A
 7   TITLE OPINION SAYING THIS IS SECURITY.
 8        I WAS TRYING TO GIVE YOU A REALISTIC TIME PERIOD.
 9   SAY WEDNESDAY.  BETWEEN NOW AND THEN HE CAN MAKE THAT
10   SECURITY.  YOU ARE SAYING DON'T LET HIM OUT UNTIL THE
11   SECURITY HAS BEEN SIGNED, SEALED, AND DELIVERED, BECAUSE
12   I'M NOT GOING TO DO THAT.
13             MR. BOWLER:  I UNDERSTAND THE COURT WILL DO AS
14   IT DEEMS APPROPRIATE, YOUR HONOR.
15             THE COURT:  SO THE ANSWER IS NO.  YOU HAVE UNTIL
16   WEDNESDAY, IN GOOD FAITH, TO GET THE SECURITY AND IF YOU
17   DON'T GET IT BY WEDNESDAY, THEN EXPLAIN YOURSELF.
18             MR. MCNAMARA:  WE'LL DO THAT.
19             THE COURT:  OKAY.  SO HE CAN BE RELEASED NOW --
20   THAT WAS THE POINT OF BRINGING HIM INTO COURT -- UPON THE
21   EXECUTION OF THIS ORDER SETTING CONDITIONS OF RELEASE.
22   YOU NEED ME TO SIGN IT FIRST OR DO YOU WANT HIM TO SIGN
23   IT?  LET HIM SIGN IT AND THEN I'LL SIGN IT.
24        IS THE CUSTODIAN HERE?
25             MR. MCNAMARA:  HE IS.
```

THE COURT: WHAT'S YOUR NAME, SIR?

MR. SMITH: JAY SMITH.

THE COURT: MR. SMITH -- OR SERGEANT SMITH; IS THAT RIGHT?

MR. SMITH: YES, SIR.

THE COURT: HAVE YOU AGREED TO BE THE CUSTODIAN AND TO BE BOUND BY YOUR OBLIGATIONS IN THIS CASE?

MR. SMITH: YES, SIR.

THE COURT: OKAY. THANK YOU.

MR. MCNAMARA: YOUR HONOR, ONE THING WE'RE LACKING IS HIS PHONE NUMBER. HE JUST HAD A NEW LAND PHONE LINE PUT IN AND HE DOESN'T KNOW HIS NUMBER YET.

THE COURT: YOU CAN FILL THAT IN. YOU WILL HAVE TO WORK ALL OF THAT OUT WITH PROBATION IN ORDER TO ESTABLISH THE ELECTRONIC MONITORING.

MR. MCNAMARA: YES, SIR.

THE COURT: MY UNDERSTANDING, SO WE DON'T HAVE TO DO IT OVER AGAIN, IS HE WILL HAVE A BRACELET OR SOMETHING THAT HE WILL WEAR PERMANENTLY, WATERPROOF KIND OF THING, AND IT WILL BE ACTIVATED. SO WHETHER OR NOT HE'S ATTENDING -- WELL, HIS CURFEW WILL BE MONITORED BY PROBATION BUT THAT AFTER 8:00 IN THE MORNING IT'S RELEASED AND UNTIL 8:00 AT NIGHT IT'S RELEASED; IS THAT RIGHT?

PROBATION OFFICER: THAT'S CORRECT, YOUR HONOR.

MR. MCNAMARA: COULD I MAKE ONE INQUIRY? HIS

1 HOME HAS FIVE ACRES THERE. WHEN HE'S UNDER THE
2 RESTRICTION, I GUESS HE NEEDS TO KNOW, DOES HE STAY IN THE
3 HOUSE?
4     THE COURT: ASK THEM. OBVIOUSLY IT'S NOT
5 SOMETHING THAT I DO.
6     ALL RIGHT, COURT WILL BE IN RECESS.

15 END OF TRANSCRIPT

9

| | |
|---|---|
| 1 | CERTIFICATE |
| 2 | THIS IS TO CERTIFY THAT THE FOREGOING TRANSCRIPT OF |
| 3 | PROCEEDINGS TAKEN AT THE CRIMINAL SESSION OF UNITED STATES |
| 4 | DISTRICT COURT IS A TRUE AND ACCURATE TRANSCRIPTION OF THE |
| 5 | PROCEEDINGS TAKEN BY ME IN MACHINE SHORTHAND AND |
| 6 | TRANSCRIBED BY COMPUTER UNDER MY SUPERVISION. |
| 7 | THIS THE 3RD DAY OF November 2004. |

*Donna J. Tomawski*

DONNA J. TOMAWSKI
OFFICIAL COURT REPORTER