UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-1-BO



FILED

NOV 1 6 2004

CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

UNITED STATES OF AMERICA

v.

DAVID ANTHONY PASSARO

MOTION FOR
COMPULSORY PROCESS

---

DAVID A. PASSARO, defendant in the above-captioned case, hereby moves this Honorable Court for an order directing the government to immediately produce the names, current locations, business addresses, and telephone numbers of anyone who was present in Asadabad, Afghanistan during the detention and questioning of Abdul Wahli on June 19 and 20, 2003, and/or anyone whose responsibilities required any such person to take action as a result of the same. Mr. Passaro asserts that under his Sixth Amendment right to compulsory process, the government is required to produce the requested evidence, as it is in possession of such, in order for the defendant to obtain evidence material to his defense. In support of this motion, the defendant presents the following.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. A defendant's right under the Sixth Amendment to present his best defense includes the right to obtain testimony of witnesses and compel their attendance. *U.S. v. Abbas*, 74 F.3d 506, 510 (4th Cir. 1996). The compulsory process right does not attach to any witness the defendant wishes to call; rather, a defendant must demonstrate that the witness he desires to have produced would

1

testify in his favor. *U.S. v. Moussaoui*, 365 F.3d 292, 307 (4th Cir. 2004). When an evidentiary privilege, even one that involves national security, is asserted by the government in the context of its prosecution of a criminal offense, the government must produce witnesses for the defense when the district court makes a finding that the information the government seeks to withhold is material to the defense. *Id.* at 310. A failure by the government to produce such evidence, after being ordered to do so, is ordinarily grounds for dismissal. *Id.* Finally, a defendant's Sixth Amendment right to compulsory process outweighs any burden of producing witness lists where the same could provide testimony material to the defense. *Id.* at 306-307. The Fourth Circuit has stated,

> The importance of the Sixth Amendment right to compulsory process is not subject to question--it is integral to our adversarial criminal justice system: The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To ensure that justice is done, it is imperative to the function of the courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense.

*Id.* at 307. (citations omitted).

In this case, the testimony of any and all persons present in Asadabad, Afghanistan during the detention and questioning of Abdul Wahli, and/or anyone whose responsibilities required them to take action as a result of the same, is material to Mr. Passaro's defense. Furthermore, the examination of these witnesses will likely produce evidence in Mr. Passaro's favor. For example, the government may decide not to call a witness because that person did not see any mistreatment of the victim by Mr. Passaro. Defendant should have the right to compulsory process of such a witness for the very reason that the government would choose not to call him or her. Defendant maintains that the government is in possession of such information; therefore, Mr. Passaro's right to

compulsory process outweighs any burden the government may assert as a barrier to producing it.

Accordingly, Mr. Passaro respectfully requests an order granting the specific relief requested and any other form of relief this Court determines is reasonable and necessary.

Respectfully requested this 16th day of November, 2004.


Thomas P. McNamara

THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAMES A. CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by hand delivering a copy of same

This the 16th day of November, 2004.

Thomas P. McNamara

THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099