UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
FEB 0 7 2005
CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

NO. 5:04-CR-211-BO(1)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | UNITED STATES' MOTION FOR PARTIAL |
| v. ) | RECONSIDERATION OF FEBRUARY 3, 2005 |
| ) | ORDER, AND SUPPORTING MEMORANDUM |
| DAVID A. PASSARRO ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves for reconsideration of that part of the Court's February 3, 2005 order directing the return of seized currency. In support of this motion, the government states as follows:

BACKGROUND

1. On February 3, 2005, the Court issued an order granting two separate motions filed by Defendant. The first was a Motion for Return of Seized Property filed on November 22, 2004, which sought the return of seven items: (1) truck keys, (2) household files, (3) birth certificate, (4) divorce papers, (5) military paperwork, (6) a framed photograph, and (7) a Timex Expedition watch. The government did not oppose this motion and does not seek reconsideration of that part of the February 3 order granting this motion.[1]

2. Defendant filed a separate Motion for Expedited Return of Seized U.S. Currency on January 24, 2005. Defendant sought by this

---

[1] As the government previously informed Defendant's counsel, the government does not have several of the requested items.

cc: Boyle



motion the "return" of $8590.00 in cash seized from the residence of his girlfriend Bonnie Heart. The February 3 order granted this motion also, even though the government's time to respond to the motion had not yet run.

3. On February 4, 2005, the government filed a motion to stay that part of the February 3 order granting the Motion for Expedited Return of Currency, pending a ruling on the government's anticipated Motion for Reconsideration.

4. The money at issue consists of $8590.00 seized from the residence of Bonnie Heart pursuant to a search warrant on June 25, 2004. Earlier on the day of the seizure, during Defendant's detention hearing, Ms. Heart testified that she had retrieved cash from Defendant's home at his direction. 6-25-04 tr. at 80-81, 85. Ms. Heart arrived at her house while the search was in progress and directed marshals to where the money was hidden, stating that "$650 of that is mine." 8-3-04 tr. at 17-18.

5. Defendant had previously executed a Criminal Justice Act (CJA) Form 23, in which he purported to make a complete and truthful disclosure of his assets for purposes of determining his eligibility for appointed counsel. Defendant failed to disclose any cash assets either on this form or when asked by the probation officer who assisted him with the form. 6-25-04 Tr. at 140. In response to the question on the form asking "Have you any cash on hand or money in savings or checking accounts?", Defendant revealed

funds in a checking account, a savings account, and an IRA, but did not identify any cash on hand. Id. at 142.

ARGUMENT

Fed. R. Crim P. 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property may move for the property's return." Defendant's motion for "return" of the cash seized from Ms. Heart's house should be denied for two separate reasons. First, Defendant has not established, and does not even claim, that he is an "aggrieved person" - i.e., that the money belongs to him. Second, the cash is evidence of a crime that was seized pursuant to a lawful, valid search.

Defendant's motion is written carefully to avoid any claim or representation that he is the owner of the money at issue. Instead, Defendant relies entirely on a "General Release" by Bonnie Heart, purporting to "relinquish any and all ownership rights which I may have to any United States currency in the custody of the U.S. Marshals Service, contingent upon its transfer to David A. Passaro."

Even by its own terms, this "release" does not confer upon Defendant any ownership interest in the seized money. First, the release is expressly "contingent upon its transfer to David A. Passaro." Because no such transfer has occurred, the release has no effect. The release therefore cannot form the basis for any claim by Defendant to the money.

Second, the release purports to transfer contingently "any and all rights which I may have" in the money, but nowhere does Ms. Heart identify what rights, if any, that she actually has in the money. Indeed, Ms. Heart stated twice during the search that only $650 of it was hers. 8-3-04 tr. at 17-18.

If Ms. Heart does in fact claim an interest in the seized money, she is free to come before the Court as an "aggrieved" party and articulate the nature and extent of that interest. If any money is returned to her as a result, then she can dispose of it as she desires. However, Ms. Heart, like Defendant, has thus far failed to assert any such claim in the money.

The reason for Defendant's and Ms. Heart's coyness concerning the ownership of the money is obvious: he has already made prior oral statements and a sworn written statement disclosing his financial assets, and those statements failed to identify any cash on hand. If those statements are true, then the cash does not belong to Defendant, and he has no standing as an "aggrieved" party to seek its return. On the other hand, if those statements are false, then Defendant may have committed the crime of perjury or false statements, in which case the money seized is evidence of a crime. It is also evidence of the crime charged in this case, in that Defendant's concealment of funds from the Court demonstrates consciousness of guilt.

In either case, Defendant is not entitled to "return" of the seized money.

## CONCLUSION

For the reasons stated, the United States' Motion for Partial Reconsideration should be granted, and Defendant's Motion for Expedited Return of Seized U.S. Currency should be denied.

Respectfully submitted this 7th day of February, 2005.

FRANK D. WHITNEY
United States Attorney

By: /s/ Eric D. Goulian
ERIC D. GOULIAN
Assistant United States Attorney
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, North Carolina 27601-1461
Telephone: (919) 856-4356
Fax:       (919) 856-4487