UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-BO


FILED
FEB 1 0 2005
CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID A. PASSARO | RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR PARTIAL RECONSIDERATION OF FEBRUARY 3, 2005 ORDER<br><br><u>For Expedited Consideration</u> |

DAVID A. PASSARO, defendant in the above-captioned case, by and through undersigned counsel, respectfully submits his response to the government's motion for partial reconsideration of this Honorable Court's February 3, 2005 Order directing the immediate return of $8,590 in seized U.S. currency.

In that Order, this Court concluded: "Having reviewed the facts, the Court finds no reason why Defendant should suffer any further deprivation of property." The government now seeks reconsideration of this conclusion. The Court should deny this request because the reasons advanced by the government lack both logical and legal support.

First, the government incorrectly presumes that one must prove an ownership interest to have standing as a "person aggrieved" under Rule 41(g) of the Federal Rules of Criminal Procedure. Neither 41(g) nor the interpretive case law support this presumption. Rule 41(g) provides relief for a "person aggrieved . . . by the deprivation of property" and contemplates the return of property to "a person entitled to lawful possession," i.e., one with a possessory interest. Advisory Committee Notes to Rule 41(e) [now Rule 41(g)], 1972 Amendments. Thus, contrary to the government's bare

1

lc: Barle & Javed

90

assertion that Rule 41(g) requires an "ownership interest" to trigger standing as a "person aggrieved," a colorable possessory interest suffices. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (requiring "a colorable ownership, possessory or security interest"). The government itself acknowledged Mr. Passaro had at least a possessory interest in the $8,590 when it opposed Mr. Passaro's release from custody by speculating that he would use the money to flee this country and begin life anew as a mercenary on foreign shores, (DE-31, pp. 9-10), and by presenting testimony to this Court that attributed at least $7,940 of the seized currency to Mr. Passaro, *see* Govt's Motion for Reconsideration, August 3, 2004 Hearing Transcript, at 15-17.

The government's assertion that it needs to keep the money as evidence of perjury not only contradicts its challenge to Mr. Passaro's ownership interest, it also lacks merit. If the government decides to charge Mr. Passaro with this crime, the physical cash itself will prove nothing. Rather, the issues would turn on the fact that the cash was seized and on the oral and written communications between the Probation Officer and Mr. Passaro concerning the CJA-23. The $8,590 in cash which the government wants to keep could never be "paraded in front of a jury" as evidence of perjury. *See In re Search of 2847 East Higgins Road, Elk Grove Village Ill.*, 390 F.3d 964, 965-66 (7th Cir. 2004) (clarifying that the fact defendant had cash might evidence a criminal violation of tax laws, but the physical cash itself would not, and concluding that "income on which one has refused in criminal violation of federal law to pay income tax is not itself a fruit of that criminal violation").

Since the government has no need of the cash as evidence, it must return it as ordered by this Court. *See United States v. Wright*, 610 F.2d 930, 939 (D.C. Cir. 1979) ("The whole thrust of the cases that we have cited is that when property is seized from a person, the court must return it to that person when it is no longer needed by the government").

2

In sum, the government requests that this Court rescind its Order directing the immediate return of the $8,590 based on reasons which are contradictory and without merit. The fact that the government has presented such a groundless opposition to this Court's Order further evidences the prosecutorial over-reaching it has employed since the initiation of this case.

WHEREFORE, Mr. Passaro prays this Honorable Court for an order denying the government's motion for partial reconsideration of the Court's February 3, 2005 Order directing the immediate return of the seized currency. In light of the continue hardship occasioned by the deprivation of this property, Mr. Passaro respectfully requests expedited consideration of the government's motion.

Respectfully requested this 10th day of February, 2005.

*Thomas P. McNamara*

THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAMES A. CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by hand delivering a copy of same

This the 10Th day of February, 2005.

*Thomas P. McNamara*
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099

4