UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-BO(1)

FILED
APR 0 4 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | UNITED STATES' RESPONSE TO MOTION FOR |
| v. ) | LEAVE TO INTERVENE AND FOR ACCESS TO |
| ) | PORTIONS OF THE RECORD |
| DAVID A. PASSARRO ) | |

The United States of America ("government"), by and through the United States Attorney for the Eastern District of North Carolina, hereby responds as follows to the Motion for Leave to Intervene and for Access to Portions of the Record:

The government does not object to the motion to intervene. The government also has no objection to the intervenors' request for access to unclassified portions of the record. It is undisputed that, in the absence of a basis for sealing judical records, the intervenors and other members of the public have a common-law right of access to them. See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Moreover, "[t]he First Amendment clearly guarantees the right of the press and the public to attend criminal trials." In re Washington Post Co., 807 F.2d 383, 388 (4th Cir. 1986).

In this case, nearly all of the documents to which the intervenors seek access (listed in Exhibit A to their memorandum) were sealed pursuant to the procedure set forth in paragraph 20 of the Protective Order filed on August 2, 2004, which provides for

review through the Court Security Officer (CSO) to determine whether a particular document contains classified information. This review is necessary to protect against disclosure of classified information in the course of this litigation, and it is fully consistent with the Classified Information and Procedures Act, 18 U.S.C. App. 3.

The government understands that all of the documents previously submitted to the CSO have now been reviewed, that all of those documents have been determined to be unclassified either in whole or in part, and that unclassified versions of the documents have been or will soon be placed in the public record. Any delay which resulted in the continued sealing of documents appears to be unintentional and the result of mis-communication between the CSO and this Court. The intervenors' motion for access to these documents should therefore be denied as moot.

As for the two documents that were sealed upon the government's motion - docket number 63 (Motion to Extend Motion Response Time) and docket number 72 (Government's Response to Defendant's Notice of Intent to Assert Public Authority Defense) - these are being submitted to the CSO for review, and the unclassified portions will be made public upon completion of that review. The intervenors also seek access to the two motions to seal (docket numbers 64 and 73, which were themselves sealed), and

the government is moving to unseal them. This issue is therefore moot as well.

The government opposes as unnecessary and misguided the intervenors' suggestion that the protective order be amended to incorporate the security procedures adopted in United States v. Moussaoui, No. 01-455-A (E.D. Va.). In Moussaoui, the government has sought to seal the defendant's pro se pleadings out of concern that they might contain coded messages. The government does not have any such concern here, so it is not seeking to use the protective order to seal all pleadings following the classification review. Instead, pursuant to paragraph 20 of the protective order, as soon as the classification review is complete for each pleading, the "[p]ortions of the pleadings of the pleadings or documents that do not contain classified information shall be unsealed by the CSO and placed in the public record."

Respectfully submitted this 4th day of April, 2005.

FRANK D. WHITNEY
United States Attorney

By: /s/ Eric Goulian
ERIC D. GOULIAN
Assistant United States Attorney
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, North Carolina 27601-1461
Telephone: (919) 856-4356
Fax:       (919) 856-4487