UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-BO(1)

FILED
JUN 0 8 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

| UNITED STATES OF AMERICA | DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO SERVE WITNESS LIST IN OPPOSITION TO DEFENDANT'S PUBLIC AUTHORITY DEFENSE |
|---|---|
| v. | |
| DAVID A. PASSARO | |

DAVID A. PASSARO, defendant in the above-captioned case, by and through counsel, hereby submits this opposition to the government's motion for an extension of time to identify witnesses it intends to call to oppose Mr. Passaro's assertion of the public authority defense. The government fails to demonstrate good cause for its request. Furthermore, by requesting yet another extension, the government unfairly seeks to avoid compliance with the notice provision of Fed. R. Crim. P. 12.3(a)(4), which the government itself invoked.

As a preliminary matter, Mr. Passaro notes that his counsel never received service of the government's motion. While the certificate of services states that counsel for the government "caused a copy of the foregoing to be sent by messenger to [the undersigned]" on May 18, 2005, such a copy never arrived at this office. (DE-108). Counsel for Mr. Passaro did not discover the government had filed this motion until May 31, 2005, when a staff member's review of the docket entries revealed the instant motion had been filed.

In support of his opposition to the government's motion, Mr. Passaro states as

1

follows:

1. On November 12, 2004, Mr. Passaro filed notice of his intent to assert the public authority defense, as required by Fed. R. Crim. P. 12.3(a)(1). (DE-50). Subsequently, on November 18, 2004, Mr. Passaro filed a motion to compel discovery relevant to this defense. (DE-54).

2. On January 3, 2005, the government filed the response required by Fed. R. Crim. P. 12.3(a)(3). (DE-72). In this response, the government stated, "Based on all the information . . . examined to date . . . the Government denies that the defendant exercised the public authority identified in his notice." (DE-72). In that same response, the government exercised the discretion afforded by Rule 12.3(a)(4), and requested identifying information for the witnesses Mr. Passaro intended to rely upon to support his assertion of the public authority defense. (DE-72).

3. In compliance with Fed. R. Crim. P. 12.3(a)(4), on January 20, 2005, Mr. Passaro provided the government with his public authority defense witness list. (DE-78). Mr. Passaro further noted that because the government had not provided any discovery requested in the motion to compel mentioned above in paragraph 2, the witness list would be supplemented upon receipt of the requested information. (DE-78).

4. Relying upon this representation, the government sought an extension to comply with its reciprocal obligation to provide its witness information to Mr. Passaro. (DE-84). In granting this motion, the Court ordered, "The government shall serve on defendant's counsel the statement required by Fed. R. Crim. P. 12.3(a)(4)(C) within seven days of receiving

defendant's completed statement required by Fed. R. Crim. P. 12.3(a)(4)(B)." (DE-86).

5. On May 10, 2005, Mr. Passaro filed the complete statement required by Fed. R. Crim. P. 12.3(a)(4)(B). (DE-107).

6. Rather than reciprocate by delivering its witness list, as required by Fed. R. Crim. P. 12.3(a)(4)(C) and by this Court's February 5, 2005 Order (DE-86), the government again requested an extension. (DE-108).

7. In the instant motion, the government asserts the task of "reviewing documents for its upcoming document production" supplies good cause for requesting yet another extension. (DE-108). However, compliance with the witness identification requirement of Fed. R. Crim. P. 12.3(a)(4)(C), merely involves listing names, telephone numbers, and addresses of those the government anticipates calling as witnesses to oppose the public authority defense. Given the resources at its disposal, and the minimal notice requirements of 12.3(a)(4)(C), the document review task provides the government with neither excuse nor good cause to further delay providing its public authority witness list to Mr. Passaro.

8. Most importantly, in seeking to delay providing its public authority witness list, the government unfairly seeks to avoid compliance with a notice provision the government itself invoked. The government chose to exercise the discretion afforded by 12.3(a)(4)(A), which provides that an "attorney for the government may request in writing" a defendant's public authority witness list. However, this request triggers the government's own reciprocal obligation: "Within 7 days after receiving the defendant's statement, an attorney for the government *must serve* on the defendant or the defendant's attorney" the

3

government's witness list. Fed. R. Crim. P. 12.3(a)(4)(C). (Emphasis added).

For the foregoing reasons, Mr. Passaro respectfully submits that this Court should deny the government's motion and require the government to immediately provide Mr. Passaro with the complete statement required by Fed. R. Crim. P. 12.3(a)(4)(C).

Respectfully submitted this 8th day of June, 2005.

*Thomas P. McNamara*
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAMES A. CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by hand-delivering a copy of same.

This the 8th day of June, 2005.

*Thomas P. McNamara*
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099