UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-1-BO


FILED
JUN 2 4 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID ANTHONY PASSARO | MOTION TO COMPEL GOVERNMENT<br>TO PRODUCE MATERIAL WITNESS<br><br>(Filed In Camera and Under Seal with the<br>Court Security Officer) |

DAVID A. PASSARO, defendant in the above-captioned case, hereby moves this Honorable Court for an order directing the government to produce for trial the person disclosed as the CIA's senior interpreter present in Asadabad, Afghanistan during the detention and questioning of Abdul Wali on June 19 and 20, 2003.[1] Mr. Passaro asserts that under his Sixth Amendment right to compulsory process and his Fifth Amendment right to due process, the government is required to make every reasonable effort to produce this witness, as the witness is an employee of the CIA and his testimony is both material and favorable to Mr. Passaro's defense. In support of this motion, the defendant presents the following.

## STATEMENT OF FACTS

The indictment alleges that on June 19 and 20, 2003, Mr. Passaro assaulted Abdul Wahli, an Afghani suspected of launching rocket attacks on American and Afghani troops near the town of

---

[1] Due to its classified nature, the interpreter's true name will not be used in this motion; however, the interpreter referred to herein is identified in the discovery document with Bate stamp # 663.

1

Asadabad, Afghanistan. On June 7, 2005, the defense team received approximately 10 pages of classified discovery, the majority of which contained the recollections of the CIA's senior interpreter who was present in Afghanistan when Mr. Passaro interviewed and interacted with Abdul Wali. The discovery provided regarding the interpreter contains evidence that is both material and favorable to the defense. The senior interpreter is not a citizen of the United States, but rather an Afghani citizen who is employed by the United States.

## ARGUMENT

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Taylor v. Illinois*, 484 U.S. 400, 408 (1988)(citations omitted). The Supreme Court's broad reading of the Sixth Amendment's Compulsory Process Clause, "establish[es], at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). And, where the government maintains a significant relationship with a material witness, such as with a paid informant, courts have imposed a duty on the government to "make every reasonable effort" to have the material witness made available to the defendant to use as a witness at trial. *United States v. Padilla*, 869 F.2d 372, 376 (8th Cir. 1989); *see also U.S. v. Wrenn*, 170 F. Supp. 2d 604, 607 (E.D. Va. 2001) (quoting *Gov't of the Virgin Islands v. Aquino*, 378 F.2d 540, 551 (3d. Cir. 1967)("the government must show diligent effort on its part to secure the witness's voluntary return to testify for the admission of evidence"). The burden of proving that the government took reasonable steps to make a material witness, with whom it has a substantial relationship, available as a witness for the defense is on the government. *Villarreal v. U.S.*, 354 F.2d 9, 13 (9th Cir. 1965).

2

Here, the Sixth Amendment guarantees Mr. Passaro the right to obtain testimony from the CIA's senior interpreter and to compel his attendance as a witness at trial because, based on the discovery produced by the government, the witness would testify in his favor. The CIA's senior interpreter is a foreign national, and is beyond the defense counsel's ability to subpoena him as a witness for trial as provided in Fed. R. Crim. P. 17(e)(1) or 28 U.S.C. § 1783.[2] However, because the interpreter is an employee of the CIA, and that agency has both the necessary information to contact him and means to secure his presence at trial, the government has an affirmative obligation to make the witness available to the defense.

## CONCLUSION

For the foregoing reasons, Mr. Passaro respectfully requests an order directing the government to make the CIA's senior interpreter who was present in Asadabad, Afghanistan during the detention and questioning of Abdul Wahli on June 19 and 20, 2003, available to Mr. Passaro as a witness at trial and any other form of relief this Court determines is reasonable and necessary.

Respectfully requested this 24th day of June, 2005.

*Thomas P. McNamara*

THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099

---

[2]FED. R. CRIM. P. 17(e)(1) provides that a subpoena requiring a witness to attend a hearing or trial may be served at any place *in the United States*. (Emphasis added). If the witness is a national or resident of the United States who is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to paragraph 20 of the Protective Order issued by the Court on July 29, 2004, a copy of the foregoing was submitted to Deputy Clerk Jennifer Myers, as directed by Dan Hartenstine, one of the Court Security Officers as identified in paragraph 4 of the Protective Order, by hand delivering a copy of same who in turn will provide a copy to:

JAMES A. CANDELMO
Assistant United States Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601-1461

This the 24th day of June, 2005.

Thomas P. McNamara
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099