UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-1BO



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID A. PASSARO | **MOTION TO RECONSIDER<br>PROTECTIVE ORDER OF<br>JULY 26, 2005** |

    Defendant David A. Passaro, by and through the undersigned counsel, for the below stated reasons, requests that this Court reconsider its unclassified order of July 26, 2005, and further requests that the Court unseal the order and make it a part of the public record in this case. The Court Security Officer provided the defense with the Order on August 5, 2005.

### Background

    The Government filed an *ex parte, in camera* motion and supporting memorandum and declaration pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure. The Government requested that the Court prohibit disclosure of classified information. Defendant and his counsel, of course, are not privy to the information filed. After inspecting and considering the Government's submission, this Court issued an order on July 26, 2005, finding that the Government's submission sufficiently established "the classified national security interests that would be implicated by the disclosure of the information referenced in the Government's submission." The Court further found, based on the Government's submission, that "the classified information is not material to the defense."

1

lc: Boyle, AUSA  Unsealed 9/28/05

## CIPA Section 4

Section 4 of CIPA provides that the Court may:

> authorize the United States to delete specified items of classified information from documents to made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

The relevant section of CIPA thus provides one of three avenues to balance the Government's need to protect national security interests with a defendant's rights to discovery. The Government must either: (1) seek the deletion of specified information from the documents, (2) request permission to substitute an unclassified summary of the information contained therein, or (3) offer a statement (stipulation) admitting relevant facts that the classified information would tend to prove. The section does not provide for the wholesale burying of discoverable documents.

Counsel for the Government must have possessed a good faith basis to believe that it had an obligation to discover the document(s) at the time it submitted its declaration to the Court, for there would have been no need for the Goverment to seek the Court's intervention if it possessed documents which it believed were *not* discoverable. Even the Government must believe that the material submitted is discoverable, i.e. material to the defense. CIPA does not change any rule of law providing the types of materials which the Government must disclose pursuant to the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, and other case law.

Defendant therefore requests that the Court reconsider its order, and issue an order providing for the Government to comply with section 4 of CIPA using one of the three options provided by CIPA section 4. Defendant will safeguard any such redacted documents provided by the Government, as it has other discovery received to date.

## Request for Unsealed Court Order

CIPA does not overrule a criminal defendant's right to a public trial, nor can the Government demonstrate any interest in limiting the press' First Amendment rights to access to this Court's orders. *See United States v. Ressam*, 221 F. Supp. 2d 1252 (W.D.Wa 2002)( ordering unsealed court orders pertaining to CIPA Section 4 hearings).

This Court's local rules also favor open records. *See* EDNC Local Rules 61.1 (h) (making court records available to the public) and 55.2(a) (no cases or documents sealed absent statutory authority and without order from the Court). CIPA Section 4 provides that the entire text of the Government's submission will be maintained under seal, but makes no such provision for any unclassified orders of this Court. Therefore, Defendant requests that this Court's orders be part of the public record in this case.

Respectfully requested this 18th day of August, 2005.

*Thomas P. McNamara*
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAMES A. CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by hand delivering to Jennifer Myers, United States District Court Clerk, for courier pick-up by the United States Attorneys Office with a copy of the foregoing sent via secure facsimile to the Court Security Officer for classification review on,

This the 18th day of August, 2005.

*for* [signature]
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099