IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-211-BO

FILED
AUG 2 2 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DAVID A. PASSARO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's motions related to discovery in this case. In the underlying matter, Defendant is charged with two counts of assault with a dangerous weapon and two counts of assault resulting in serious bodily injury. A hearing was held on these motions in Raleigh on July 20, 2005. For the reasons detailed below, Defendant's Motions are DENIED.

Based on the representations made to the Court at the July 20th hearing, the parties have come to an agreement on how to deal with the questions raised by Defendant's November 16, 2004 Motion for Compulsory Process, Defendant's November 18, 2004 Supplemental Motion to Compel Discovery and Defendant's November 30, 2004 Motion to Preserve Sealed *ex parte* Documents. The agreement between the parties resolves the questions presented in Defendant's motions, and, therefore, they are DISMISSED AS MOOT.

Defendant has also asked for the early production of witness statements prior to trial. However, the Jencks Act only requires the Government to turn over any statement of a witness in its possession once the witness has testified on direct examination, provided the statement relates

1

to the testimony of the witness. *See* 18 U.S.C. § 3500(b). The Act defines a "statement" to include a written statement that has been signed or adopted by the witness or a transcription of an oral statement of a witness that is substantially verbatim. *See* 18 U.S.C. § 3500(e); *Unites States v. Brothers Const. Co. of Ohio,* 219 F.3d 300 (4th Cir. 2000). Because, the Jencks Act does not require pretrial disclosure of the statements Defendant seeks, his motion seeking the early production of Jencks material is DENIED. *See United States v. Roberts,* 811 F.2d 257 (4th Cir. 1987).

Defendant also argues that the government is required to compel a witness that he considers to be material. The witness Defendant seeks to have produced is a foreign national currently residing in a foreign state. Defendant alleges that because the witness he seeks to have produced is an independent contractor working with a federal agency, the government has an obligation to ensure his presence at trial. The Sixth Amendment to the United States Constitution ensures that Defendant has a right to compulsory process to obtain witnesses in his favor. U.S. Const. amend VI. In fact, Defendant has a right to demand the government's assistance in compelling the attendance of a favorable witness at trial. *See Pennsylvania v. Ritchie,* 480 U.S. 39 (1987). However, a United States District Court cannot subpoena a foreign national living abroad in order to compel him to testify. *United States v. Moussaoui,* 382 F.3d 453, 463–64 (4th Cir. 2004).

The government has represented to the Court that it intends to make every effort to bring the witness Defendant seeks to compel to trial.[1] However, because Afghanistan remains a war

---

[1] In its briefings to the Court, the government argues that the testimony of the witness Defendant seeks to have compelled is actually more favorable to its case than to Defendant's.

2

zone, producing a witness from there is a difficult task. At this time, Defendant has not presented the Court with any evidence to call into question the government's statement that it is making its best attempt to produce the witness he seeks to compel. Accordingly, Defendant's Motion to Compel Government to Produce Material Witness is DENIED.

SO ORDERED.

This the 17 day of August, 2005.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE