UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:04-CR-211-1B0



| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | GOVERNMENT'S RESPONSE |
| ) | TO DEFENDANT'S MOTION TO |
| DAVID A. PASSARO, ) | RECONSIDER PROTECTIVE ORDER |
| ) | OF JULY 26, 2005 |
| Defendant. ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, opposes Defendant's Motion To Reconsider Protective Order of July 26, 2005 ("Motion").

**I.  Background**

This matter originally came before the Court on the Government's in camera, ex parte motion and supporting memorandum and declaration pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a Protective Order prohibiting disclosure of classified information.

On July 26, 2005, the Court signed a protective order ("the July 26 Order") finding that the Government's submission sufficiently established under CIPA that classified national security interests would be implicated by the disclosure of the information referenced in the Government's Submission. The Court made a legal finding, based on the Government's Submission, that the classified information at issue is not material to the defense. As a result, the Court granted the Government's motion prohibiting pre-trial discovery of the classified information.

**II. Defendant's Motion to Reconsider**

Defendant now seeks reconsideration of the July 26 Order.[1] Defendant argues that CIPA Section 4 permits deletion, substitution, or stipulation of classified information in order to make it discoverable in a declassified form, but does not permit the "wholesale burying of discoverable documents." See Motion at 2. Defendant further argues the mere fact that the Government sought a ruling from the Court is an admission by the Government that it possessed material which must be disclosed "pursuant to the Federal Rules of Criminal Procedure, Brady, Giglio, and other case law." Id.

---

[1] In addition to the matters addressed herein, Defendant also seeks reconsideration of that portion of the July 26 Order which placed the July 26 Order under seal. Although the government does not agree with Defendant's arguments in support of this request, the government does not object to unsealing the three-page July 26 Order. The instant Response is filed under seal only because it discusses and quotes the July 26 Order, which until further order of the Court remains sealed.

2

Defendant's argument then concludes that since the materials must have been presumptively discoverable, they must be delivered to him in one of the three specified forms under CIPA.

### III. The Court Acted Within Its Authority, Conferred By Both CIPA and Rule 16, In Issuing The July 26 Order

Defendant's motion should be denied. Defendant's central argument, that the Court lacked the power to order information withheld by the Government, which is both classified and not material to the defense, nears the point of frivolity. Both CIPA Section 4 and Fed. R. Crim P. 16(d)(1) authorize such a practice.

Defendant's motion willfully ignores that the Court's July 26 Order cited both Section 4 of CIPA and Rule 16(d)(1) of the Federal Rules of Criminal Procedure. See July 26 Order at 2 ("under Section 4 of CIPA and Rule 16 of the Federal Rules of Criminal Procedure, the Court finds, based on the Government's Submission, that the classified information is not material to the defense"). CIPA Section 4 in conjunction with Rule 16(d)(1) authorizes the government to make an in camera, ex parte showing that discovery should be denied or limited in order to protect against the disclosure of classified information. Rule 16(d)(1) states:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will

3

> inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

United States v. Innamorati, 996 F.2d 456, 487 (1st Cir. 1993) ("Fed. R. Crim. P. 16(d)(1) expressly authorizes the court to deny discovery of information sought by a defendant based on an ex parte showing by the government of the need for confidentiality."). CIPA complements the pre-existing law under Rule 16, which grants a court "authority to deny, restrict or defer discovery upon a sufficient showing. . . . Among the considerations to be taken into account by the court will be the safety of witnesses and others . . . [and] the protection of information vital to national security . . ." Fed. R. Crim. P. 16(d), advisory committee's note (1966). CIPA, in fact, was intended to clarify the authority granted to courts under Rule 16. See United States v. Pringle, 751 F.2d 419, 427 (1st Cir. 1985), vacated and remanded on other grounds, 479 U.S. 805 (1986) (stating that CIPA was intended to make explicit the authority to issue protective orders to limit categories of discovery under Rule 16). In fact, the legislative history reiterates that purpose. Section 109(b) of the House bill contained a review provision for discovery matters similar to that ultimately enacted in Section 4. In considering the bill favorably, the House Permanent Select Committee on Intelligence reported:

> Under 109(b), since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules. The lack of such a hearing is in accord with current practice. Discovery is statutorily based, not constitutionally required, and theoretically, <u>can be completely denied upon a sufficient ex parte showing</u>.

H.R. Rep. No. 96-831, pt. 1.at 27, n. 22 (1980) (emphasis added). See also Pringle, 751 F.2d at 427 (citing Senate legislative history on the conjunction of Rule 16 and CIPA). Section 4 of CIPA in conjunction with Rule 16(d)(1) permits limits on the discovery of classified information.[2]

### IV. The Fact That The Government Sought A Ruling From The Court On Information Which Could Arguably Be Discoverable Is Not A Concession that Such Information Is In Fact Discoverable.

Defendant argues that

> the Government must have possessed a good faith basis to believe that the it had an obligation to discover the document(s) at the time it submitted the declaration to the Court, for there would have been no need for the Government to seek the Court's intervention if it possessed documents which it believed were <u>not</u> discoverable.

Motion at 2.

---

[2] Although not required to justify the Court's July 26 Order, both CIPA and Rule 16 provide <u>independent</u> grounds for the July 26 Order. CIPA Section 4 allows a court, without limitation, to delete classified information from documents to be produced in discovery. Accordingly, the Court's July 26 Order theoretically could have ordered the Government to produce to Defendant whatever written discovery might exist, even if those pages were blank after removing classified information. Clearly, this somewhat absurd result means that the Court need not entertain the charade of producing blank documents, but could instead order information withheld. Rule 16, of course, as noted above, explicitly gives the Court authority to "deny" discovery "for good cause shown," which cause might well be national security.

Contrary to Defendant's assertion, there is no reason to believe that the materials in question were deemed by counsel for the Government to be discoverable. In fact, counsel for the Government did not believe they were discoverable to the Defendant in any form. It is not unusual for the government in a case involving classified national security information to seek prophylactic rulings from the judge concerning whether certain classified material is discoverable. See Pringle, 751 F.2d at 427-28 (determining that information submitted to court *ex parte, in camera* under CIPA did not have to be turned over to defense because it was not material).

Indeed, even in cases not involving national security interests, it is a recognized practice for the government, in an abundance of caution, to seek *ex parte* guidance from the Court regarding the discoverability of information. If the mere submission of information to a court for a protective order constituted an admission that the information was discoverable, prosecutors would have a perverse incentive to resolve all close calls with respect to the government.

However, the Court need not rely on the arguments of counsel. In this case, the Court is intimately familiar with the charges in the indictment and has reviewed the materials submitted by the Government which led to the July 26 Order. In

the July 26 Order, the Court made a finding that that the information which was the subject of the motion is not material to the defense. Defendant's argument on reconsideration, based on his imputed "admission" by the government in presenting the information to the Court, ignores the fact of the Court's considered factual finding of immateriality.

V.  **Conclusion**

CIPA and Rule 16 provide appropriate authority for the Court's July 26 Order which ordered certain information withheld from the Defendant. The Court's finding that the information was not material to the Defense was, and remains, well-founded and appropriate. Accordingly, the Court should deny Defendant's Motion.

Respectfully submitted this first day of September, 2005.

FRANK W. WHITNEY
United States Attorney

BY: JAMES A. CANDELMO
Assistant United States Attorney
Criminal Division

CERTIFICATE OF SERVICE

This is to certify that I have this first day of September, 2005, served a copy of the foregoing upon the defendant in this action by hand delivery of the same addressed as follows:

THOMAS MCNAMARA
Federal Public Defender
Raleigh, North Carolina

JAMES A. CANDELMO
Assistant United States Attorney
Criminal Division