FILED
SEP 1 4 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-211-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVID A. PASSARO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's Motion to Reconsider this Court's protective order, entered on July 26, 2005. In the underlying matter, Defendant is charged with two counts of assault with a dangerous weapon and two counts of assault resulting in serious bodily injury. For the reasons detailed below, Defendant's Motion is DENIED.

In order to ensure that classified materials were not disclosed during the course of litigating this case, the government filed an *ex parte, in camera* motion pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Federal Rule of Criminal Procedure 16(d)(1). After reviewing the materials presented, the Court entered an Order finding that the information it reviewed was classified and that national security interests would be implicated by its disclosure. Furthermore, the Court found that the classified information presented to it is not material to the defense. Accordingly, the Court ordered that the information not be disclosed.

Defendant argues that the government is required by CIPA to provide him with summarized or redacted copies of discoverable materials that are classified. If the government fails to do so, Defendant argues that the government can offer a stipulation admitting relevant

1

facts that the classified information would tend to prove. Defendant's argument lacks merit.

Federal Rule of Criminal Procedure 16(d)(1) provides that the Court may, at any time, for good cause, deny or restrict discovery. Fed. R. Crim. P. 16(d)(1) (2005). The Court is authorized to allow a party to show good cause through a written statement that the Court will review *ex parte*. *Id.* If the Court grants the relief sought, the only requirement is that the party's statement to the Court must be preserved under seal. *Id.*

The government provided the Court with information through an *ex parte* filing, which it reviewed *in camera*. Based on its inspection of the information, the Court concluded that the information is not material to the defense, and that its disclosure presents a risk to national security. Accordingly, the Court denied Defendant pretrial discovery of the material and ordered that the classified information not be disclosed to Defendant. As a part of the Order, the Court sealed the government's filings and ordered they remain in the custody of the designee of the Clerk of the Court. These procedures comply with the requirements of Rule 16 and CIPA. Therefore, there is no basis for altering this Court's July 28, 2005 Order, and Defendant's Motion to Reconsider is DENIED.[1]

SO ORDERED.

This the 13 day of September 2005.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Defendant also seeks to have the July 28, 2005 Order unsealed. The government does not oppose this request. For good cause shown, the Court's July 28, 2005 Order is hereby unsealed and the Clerk of Court is directed to include it as part of the public record.