UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:04-CR-211-BO(1)

FILED
SEP 16 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID A. PASSARO | ) |

GOVERNMENT'S MOTION TO STRIKE
DEFENDANT'S NOTICE OF INTENTION
TO DISCLOSE CLASSIFIED INFORMATION,
AS INSUFFICIENT UNDER SECTION 5(a) OF
THE CLASSIFIED INFORMATION PROCEDURES ACT,
WITH INCORPORATED MEMORANDUM OF LAW

The United States of America (hereinafter "the government"), by and through the United States Attorney for the Eastern District of North Carolina, respectfully moves this Court to strike as insufficient the Notice of Intention to Disclose Classified Information filed by the defendant pursuant to the Court's Joint CIPA Scheduling Order. As grounds therefor, the government submits the incorporated memorandum of law, which makes it clear that the Notice lacks sufficient particularity to enable the government to respond to it, or to enable the Court to make the required determinations concerning the use, relevance, or admissibility of any classified information the defendant seeks to present at trial. Accordingly the Court should strike the Notice as insufficient.

In striking the Notice, the Court may, of course, order the defendant to immediately file a

1

sufficiently particularized notice. If the Court does so, and the defendant does fully comply, then the government will thereafter seek a CIPA §6 hearing in order to determine the use, relevance or admissibility of the classified information disclosed in the defendant's revised §5 pleading.[1]

## THE CIPA SECTION 5(a) NOTICE

CIPA establishes pretrial, trial, and appellate procedures for federal criminal cases in which there is a possibility that classified information will be publicly disclosed. A key to the CIPA process is the requirement that the defendant provide pretrial written notice of the classified information he reasonably expects to disclose, pursuant to CIPA §5.[2] The government may then seek a ruling as to whether the proffered classified information is relevant and admissible, pursuant to

---

[1] Because these procedural matters must be resolved well before trial commences - set presently for October 3, 2005 - the government respectfully requests that the Court, in addition to striking the defendant's §5 Notice, also schedule a new trial date.

[2] Section 5 states, in part:

> (a) Notice by defendant - - If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall ... notify the attorney for the United States and the court in writing. Such notice shall include a brief description of the classified information. Whenever a defendant learns of additional classified information he reasonably expects to disclose at any such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter and shall include a brief description of the classified information. No defendant shall disclose any information known or believed to be classified in connection with a trial or pretrial proceeding until notice has been given under this subsection and until the United States has been afforded a reasonable opportunity to seek a determination pursuant to the procedure set forth in section 6 of this Act...
>
> (b) Failure to comply. -- If the defendant fails to comply with the requirements of subsection (a) the court may preclude disclosure of any classified information not made the subject of notification and may prohibit the examination by the defendant of any witness with respect to any such information.

2

CIPA §6.[3] If any of the information is ruled admissible, the government may move that a summary be substituted for it, or alternately may substitute a statement admitting facts that the classified information would tend to prove, thereby obviating the need for disclosure of the specific sensitive information.[4]

It is based upon the defendant's Section 5(a) proffer that the Court under Section 6(a) must "make all determinations concerning the use, relevance or admissibility of classified information that would otherwise be made during the trial or pretrial proceedings" pursuant to the standards of Fed. R. Evid. 401, 402, and 403, with the defendant bearing the burden of establishing that the evidence is relevant and material. See United States v. Miller, 874 F.2d 1255, 1276-77 (9th Cir. 1989); United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984), cert. denied, 479 U.S. 839 (1986). See also United States v. Cardoen, 898 F. Supp. 1563, 1571 (S.D. Fla. 1995).

---

[3]Section 6 states, in part:

> (a) Motion for hearing. - - Within the time specified by the court for the filing of a motion under this section, the United States may request the court to conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding. Upon such a request, the court shall conduct such a hearing. Any hearing held pursuant to this subsection (or any portion of such hearing specified in the request of the Attorney General) shall be held in camera if the Attorney General certifies to the court in such petition that a public proceeding may result in the disclosure of classified information.

[4]Pursuant to Section 6(c) the government may move to substitute either (1) a statement admitting relevant facts that the classified information would tend to prove or (2) a summary of the classified information instead of the classified information itself. 18 U.S.C. App. III §6(c)(1). See United States v. Smith, 780 F.2d 1102, 1105 (4th Cir. 1985)(en banc). In many cases, the government will propose a redacted version of a classified document as a substitution for the original, having deleted only non-relevant classified information. A motion for substitution shall be granted if the "statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specified classified information." 18 U.S.C. App. III §6(c).

3

There are three critical pretrial steps in the handling of classified information under Sections 5 and 6 of CIPA. First, the defendant must specify in detail the precise classified information he reasonably expects to disclose. Second, the Court, upon a motion of the Government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance, and admissibility of the proposed evidence. Third, following the §6(a) hearing and formal findings of admissibility by the Court, the government may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible.

Section 5(a) of CIPA requires a defendant who reasonably expects to disclose or cause the disclosure of classified information at any trial or pre-trial proceeding, to provide specific written pretrial notice of the classified information at issue to the attorney for the government and the Court. Particularization is required in providing notice under Section 5(a). The notice must be specific because it is the central document in the procedures envisioned under CIPA.

As the Eleventh Circuit clearly explained in United States v. Collins, 720 F.2d 1195, 1199-1200 (11th Cir. 1983):

> Appellee argues that a mere general statement of the areas about which evidence may be introduced is all that is contemplated by Section 5(a)'s requirement that "such notice shall include a brief description of the classified information." It is contended that "a brief description" does not demand specificity, thus permitting notice of nothing more than the general areas of activity to be revealed in defense. However, this overlooks that the "brief description" is to be the classified information expected to be disclosed. "A brief description" is not to be translated as "vague description". "Of the classified information" may not be interpreted as "of the areas of activity concerning which classified information may be revealed."
>
> It is of no importance that the government can locate specific data about defendant's knowledge of sensitive information in its own records. . . . The Section 5(a) notice requires that the defendant state, with particularity, which items of classified information entrusted to him he reasonably expects will

4

be revealed by his defense in this particular case.

Having found the defendant's notice insufficient under Section 5, the Collins court vacated the order issued by the district court and remanded the case.

The particularization requirement applies to both documentary exhibits and to oral testimony, whether it is anticipated to be brought out on direct or on cross-examination. See Collins at 1199-1200; United States v. Wilson, 750 F.2d 7 (2d Cir. 1984), cert. denied, 479 U.S. 839 (1986). (The Section 5 notice, however, does not require a defendant to provide argument in support of the relevance of particular noticed documents or testimony in the notice itself.)

Section 5(b) of CIPA permits the court to preclude the disclosure of classified information if the defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit implementation of CIPA procedures. See United States v. Badia, 827 F.2d 1458, 1465 (11th Cir. 1987), cert. denied, 485 U.S. 937 (1988). In Badia, the court rejected the defendant's claim that he was not obliged to file a Section 5 notice because the government already knew that he would assert a defense involving the Central Intelligence Agency. The court observed:

> The government's belief that a defendant may assert a defense involving classified material cannot substitute for the formal notice mandated by §5(a). The thirty-day time frame is intended to give the government the opportunity to ascertain the potential harm to national security, and to consider various means of minimizing the cost of disclosure. Any form of notice provided less that thirty days prior to trial clearly does not permit the government to accomplish this objective.

Badia, 827 F.2d at 1465. The Eleventh Circuit thus affirmed the lower court's ruling precluding the defendant from raising matters at trial that should have been noticed pursuant to Section 5 of CIPA. Similarly, if the defendant attempts to disclose at trial classified information that is not described in his Section 5(a) notice, preclusion is the appropriate remedy prescribed by Section 5(b) of CIPA.

See United States v. Smith, 780 F.2d 1102, 1105 (4th Cir. 1985).

ARGUMENT

Defendant Passaro has filed a notice of intent to disclose classified information that is clearly insufficient to identify with any precision just what items of classified information are at risk of public disclosure. Like the defendant in Collins, supra, defendant Passaro has used general references to topics of classified information, rather than setting out specifically what classified information would be disclosed by any testimony or any document falling within the referenced topic. For instance, defendant's paragraph 7 in his Notice identifies "(i)nformation relevant to the training and experiences of all persons who either questioned Abdul Wali or delegated the questioning of Abdul Wali to others." Defendant does not specify what that relevant information is, or who those persons are. Defendant's paragraph 12 identifies "(i)nformation from a witness' background, training, or experience demonstrating bias, or tending to affect the witness' credibility in this case." The defendant probably is referring to some information of a Brady/Giglio nature but he provides no clue what that information is. Likewise, his paragraph 6 references "(i)nformation .... communicated between military organizations and civilian organizations .... relevant to the detention of Abdul Wali." Again, defendant makes no attempt to identify what this information is, and though the government could make a good guess what the military and civilian organizations are, it should not have to. Absolutely all of defendant's "disclosures" in his Notice are of this nature.

Since he has claimed reliance on a Public Authority Defense, and named therein numerous present and former government officials who could supposedly support it, it is telling that he does not identify in his §5 notice a single witness who would testify to any facts that would reveal who, how, what, and why defendant Passaro was allegedly given official sanction to commit the physical

acts of assault charged against him in the Indictment.

The government cannot begin to assess the possible harm to national security that would result if defendant Passaro is permitted to limit his §5 disclosures to mere generic references to classified information that "relates to" a certain topic, or which is "in regard to" some category of factual incidents, or "concerns" government policies, practices and procedures.

Without the particularity and specificity required by §5, the whole purpose of CIPA is undermined. Defendant's present notice which purports to comply with §5, does not. It should therefore be stricken from the record.

## CONCLUSION

For all the aforementioned reasons, the government respectfully requests the Court to strike the defendant's Notice of Intention to Disclose Classified Information, as insufficient under Section 5(a) of CIPA.

Respectfully Submitted,

FRANK D. WHITNEY
UNITED STATES ATTORNEY

By: _____ 9/16/05
JAMES A. CANDELMO
ASSISTANT UNITED STATES ATTORNEY
310 New Bern Avenue
Federal Building
Raleigh, NC 27601
Tel. (919) 856-4674
Fax. (919) 856-4828