

FILED
DEC 1 2 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:01-CR-211-1-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MOTION TO CLARIFY REPRESENTATION |
| | ) | |
| DAVID ANTHONY PASSARO | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby Moves the Court to clarify the status of defendant's representation and, in support of such opposition, shows unto the Court the following:

## FACTUAL/PROCEDURAL BACKGROUND

The Court conducted a hearing on November 30, 2005, focused on clarifying the defendant's representation. At the conclusion of that hearing the Court ruled that the Federal Public Defender's Office would remain the counsel of record. The Court followed its oral ruling with written Order on December 7, 2005. Since the Court's oral ruling attorney Clinton Louis Rudisill has proceeded as though he too is a counsel of record. Indeed, attorney Rudisill has attempted to sponsor yet another attorney into a representative role in the case.

## ARGUMENT

The Government is well aware that the issue of who represents the defendant must be determined by the defendant, his counsel and

1

the Court. With the exception of bringing to the parties' attention any conflict of which it becomes aware, the Government has essentially no role in this process.

At the conclusion of the hearing conducted on November 30, 2005, the Government understood the Court to have ruled that the Federal Public Defender was to remain the counsel of record and the only counsel of record. This impression was only strengthened by the Court's written Order of December 7, 2005. The Court's comments at the hearing seemed only to note the obvious fact that if attorney Rudisill wished to volunteer support to the Federal Public Defender, he was free to do so assuming the Federal Public Defender was inclined to permit this. However, the Government believed the Court's ruling denied attorney Rudisill any formal representative role.

Attorney Rudisill appears to have interpreted the Court's ruling quite differently. Judging by the fact that shortly after the hearing attorney Rudisill took it upon himself to sponsor a third attorney into a representative capacity, it appears attorney Rudisill believes himself to be serving as the Public Defender's co-counsel. The Government is concerned that this proceeding not be compromised by chaotic circumstances as to the defendant's representation. On a pragmatic level, the Government wishes clarification as to which counsel it should deal with. The Government believes the Court has considerable discretion to

regulate this matter.

On the basis of all of the above, the Government moves to have this matter definitively settled.

Respectfully submitted this 12TH day of December, 2005.

FRANK D. WHITNEY
United States Attorney


*/s/ John S. Bowler*
BY: JAMES A. CANDELMO
    JOHN S. BOWLER
Assistant United States Attorneys
Criminal Division


CERTIFICATE OF SERVICE

This certifies that the foregoing MOTION TO CLARIFY REPRESENTATION has, this 12th day of December, 2005, been served on the defendant by transmitting a copy of same by facsimilie transmission, addressed as follows:

Thomas P. McNamara
Federal Public Defender's office
(919)856-4477


*/s/ John S. Bowler*
JOHN S. BOWLER
Assistant United States Attorney
Criminal Division