


REDACTED
~~SECRET~~

FILED WITH THE
COURT SECURITY OFFICER
CSO: _____
DATE: 12/9/2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-BO(1)

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID A. PASSARO | DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE PUBLIC AUTHORITY DEFENSE |

(u) DAVID A. PASSARO, defendant in the above-captioned case, by and through counsel, hereby submits this opposition to the government's motion for pretrial exclusion of the public authority defense. For the following reasons, Mr. Passaro respectfully submits this Court should deny the motion as not yet ripe for consideration.

(u) In this case, two crucial issues remain unresolved: (1) the actual conduct of the detention and questioning of Abdul Wali, a terrorist leader linked to rocket attacks on American and Afghan troops and civilians; and (2) the scope of the CIA's authority with respect to reasonably required methods of control and questioning of terrorist suspects on the battlefield. A jury's consideration of how Mr. Passaro actually conducted the detention and questioning is integral to consideration of a public authority defense because the nature of the conduct will determine the extent of coverage required to acquit based on a public authority defense.



REDACTED
~~SECRET~~

(U) With respect to the conduct of Wali's detention and questioning, the government boldly asserts this Court should accept as true the government's untested assertion that Mr. Passaro "beat" the terrorist suspect with "a metal flashlight, closed fist and shod foot." Government's Motion *In Limine* at 2. The government bases this assumption on evidence not yet subject to cross-examination and submitted to a neutral and unbiased fact-finder.

(S) Moreover, evidence contained in discovery contradicts the government's assumptions about what transpired between Mr. Passaro and Wali. Wahid ███████, a long-time CIA contract employee and apparently the only person present at all times the suspected terrorist was in Mr. Passaro's custody, denies seeing Mr. Passaro ever kick the suspect. Docket Entry 141, ¶¶ 56-57. He also denied ever seeing Wali hit in the stomach with a flashlight. *Id.*, ¶¶ 175-176. The government also ignores evidence that Mr. Passaro merely employed methods of detainee control in response to Wali's own threatening behavior, such as attempting to break free of his restraints and take a pistol from one of the military guards, and lunging at Mr. Passaro on at least three occasions. *Id.*, ¶¶ 153, 184, 185.

(S) Evidence of record also contradicts the government's assertion that Mr. Passaro, as an operative of the Central Intelligence Agency, did not reasonably rely upon the CIA's actual authority to employ conduct that would otherwise constitute "assault" under 18 U.S.C. § 113 to guard a terrorist suspect with links to rocket attacks on American and Afghan troops and to elicit information that could prevent future attacks. This assertion is contradicted by the government's own submission attached in support of the instant motion, titled ███████





(U) Even without the existence of these two factual issues crucial to Mr. Passaro's asserted defense of public authority – his conduct during the detention and questioning of Wali, and his authority as a CIA operative tasked with the custody and questioning of a terrorist suspect linked to rocket attacks on American and Afghan troops – this Court should deny the government's motion.

(U) The Fourth Circuit "generally disfavor[s] the practice of disposing of affirmative defenses on the basis that there is no evidence to support the defense prior to the presentation of any evidence at trial." *United States v. Aquino-Chacon*, 109 F.3d 936, 939 & n.3, (4th Cir. 1997). And, to submit an affirmative defense instruction to the jury,



REDACTED
~~SECRET~~

The defendant does not have to testify or even offer any evidence; the basis for the defendant's theory may derive from the testimony of government witnesses on direct or cross examination. Finally, the evidence to support a theory of defense need not be overwhelming; a defendant is entitled to an instruction on a theory of defense even though the evidentiary basis for that theory is weak, inconsistent, or of doubtful credibility.

*United States v. Parkor*, 267 F.3d 839, 845 (8th Cir. 2001) (internal citation omitted).

(S) To invoke a public authority defense, Mr. Passaro need only proffer evidence that he reasonably relied upon the actual authority of those from the Central Intelligence Agency who trained and guided him, and that he conducted himself within the scope of that authority. *See United States v. Fulcher*, 250 F.3d 244, 254-55 (4th Cir. 2001). ███████

███████ Whether Mr. Passaro complied with this authority is an intricate, fact-bound determination that a jury, not the prosecutor, should decide. Accordingly, this Court should deny the government's motion.

Respectfully submitted this 9th day of December, 2005.

_____
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099

REDACTED
~~SECRET~~

**REDACTED**



SECRET

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAMES A. CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by hand delivering to Jennifer Myers, United States District Court Clerk, for courier pick-up by the United States Attorneys Office with a copy of the foregoing sent via secure facsimile to the Court Security Officer for classification review on.

This the 9th day of December, 2005.

_____
THOMAS P. McNAMARA
Federal Public Defender
N.C. State Bar No. 5099

SECRET
**REDACTED**