REDACTED
~~SECRET~~

FILED
DEC 1 5 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID A. PASSARO | MOTION TO COMPEL WITNESS INTERVIEWS |

Now comes the defendant, David A. Passaro, by and through counsel, and moves this Honorable Court, pursuant to Local Rule 47.1, and requests an order from the Court compelling the government to make the following individuals available for interviews by the defense. In support of this motion, Defendant shows the following:

1. On November 12, 2004, Defendant filed Notice of Intent to Assert a Public Authority Defense, and provided the names, business addresses and telephone numbers of those witnesses on January 20, 2005. On May 10, 2005, Defendant filed the complete statement identifying public authority witnesses.

2. On May 12, 2005, the General Counsel to the CIA sent a letter to defense counsel, pointing out that its internal regulations prohibited any current or former employees from speaking with the defense team without advance permission from the General Counsel's office. (Exhibit 1)

3. On April 14, 2005, Rudy Reafer, Assistant United States Attorney for the Eastern District of North Carolina, wrote to defense counsel denying access to former Justice Department or White House employees. (Exhibit 2).

4. Pursuant to CIPA, Defendant filed notice of intent to elicit classified information during


REDACTED
~~SECRET~~


the trial of this matter.

5. Almost all of the facts contained in the notice of intent to elicit classified information were contained in documents the government provided to the defense during the discovery phase of this matter, and some are relevant to the Public Authority Defense.

6. The government recently filed a Motion in Limine seeking to prevent Defendant from presenting evidence at trial which would show the existence of a Public Authority Defense. In the government's motion, counsel pointed out that it had interviewed all but two of the witnesses identified by defendant's notice of public authority.

7. Defendant is entitled to compel the testimony of witnesses to present the facts contained in the notice of intent to elicit classified information, because the facts are relevant and material to this case.

8. Defendant cannot determine exactly which witnesses to subpoena and to call as witnesses in defense of this matter, until we have had a fair opportunity to interview the same witnesses the government has already interviewed.

9. Defendant is entitled to interview the following potential witnesses: George Tenet, Porter Goss, J. Cofer Black, Steven R. Kappes, John E. McLaughlin, Michael J. Sulick, Michael Scheuer, James L. Pavitt, Alberto R. Gonzales, David S. Addington, John C. Yoo, the two individuals who served ▓▓▓▓ at the firebase (aka ▓▓▓▓), the individual independent contractors who served with Mr. Passaro at Asadabad (aka ▓▓▓▓), the paramilitary chief (aka ▓▓▓▓), the agency communications officers (aka ▓▓▓▓), and the person who hired Mr. Passaro to work for the agency (aka ▓▓▓▓).

WHEREFORE, Defendant requests that this Court enter an order compelling the government

2



**REDACTED**

to produce for interviews, the above individuals, and witnesses contained in the Public Authority Notices, who have material and relevant information for the trial of this matter.

Respectfully requested this 15th day of December, 2005.

*[signature]*
THOMAS P. McNAMARA
Federal Public Defender
North Carolina Bar No. 5099.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAMES A. CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by hand delivering to Jennifer Myers, United States District Court Clerk, for courier pick-up by the United States Attorneys Office with a copy of the foregoing sent via secure facsimile to the Court Security Officer for classification review on.

This the 15th day of December, 2005.

*[signature]*
THOMAS P. McNAMARA
Federal Public Defender
North Carolina Bar No. 5099

**REDACTED**

**EXHIBIT 1**

CENTRAL INTELLIGENCE AGENCY
WASHINGTON, D.C. 20505

Office of General Counsel



12 May 2005

Joseph B. Gilbert
Assistant Federal Public Defender
Office of the Federal Public Defender
  for the Eastern District of North Carolina
150 Fayetteville Street Mall, Suite 450
Raleigh, NC  27601

    Re:  United States v. Passaro, No. 5:04-CR-211-1-BO
          (E.D.N.C.)

Dear Mr. Gilbert:

    I understand that you have written to several current and former Central Intelligence Agency (CIA) officials requesting information related to the performance of their official duties. I am writing to notify you that CIA has not authorized any current or former employee to provide information to you and that all such requests should be submitted directly to my office.

    As an initial matter, no current or former CIA employee may provide you information related to his official duties without prior authorization from the CIA in accordance with its *Touhy* regulation, 32 C.F.R. Part 1905. CIA has not authorized any employee to provide any information to you. In accordance with CIA's *Touhy* regulation, please submit such requests to my office.

    In addition, your letters imply that recipients may feel free to discuss classified information with you because you have been granted a limited security approval. This is incorrect. Access to classified information is based upon a determination of an authorized government official in accordance with Executive Order 12958 that a person is eligible for access to classified information and has a need to know the particular classified information. The Government granted you a limited security approval for the limited purpose of enabling you to

Joseph B. Gilbert

communicate with your client regarding classified information already known to him through his former duties, or classified information that the Government may produce to your client in accordance with the Federal Rules of Criminal Procedure and the Classified Information Procedures Act (CIPA). Neither CIPA nor your limited security approval authorize you to solicit or receive classified information directly from current or former federal employees. You are hereby directed to cease and desist making representations to the contrary.

Please note that pursuant to CIA's *Touhy* regulations, the restrictions against providing CIA information without authorization from CIA apply with equal force to CIA information that may be known to or in the possession of any former or current U.S. government officials irrespective of the employing agency.

If you have any questions, please contact Brian S. Morrison of my office at 703-874-3112.

Sincerely,

John L. McPherson
Associate General Counsel

cc: Court Security Officer
    James Candelmo
      Assistant U.S. Attorney
    Patrick Sullivan
      U.S. Department of Justice
    Rudy Renfer
      Assistant U.S. Attorney
    Thomas P. McNamara
      Federal Public Defender

2

**EXHIBIT 2**



**U. S. Department of Justice**

*United States Attorney*
*Eastern District of North Carolina*

*Terry Sanford Federal Building*
*310 New Bern Avenue*
*Suite 800*
*Raleigh, North Carolina 27601-1461*

*Telephone (919) 856-4530*
*Criminal FAX (919) 856-4487*
*Civil FAX (919) 856-4821*
*www.usdoj.gov/usao/nce*

April 14, 2005

Mr. Joseph B. Gilbert
Assistant Federal Public Defender
Office of the Federal Public Defender
150 Fayetteville Street Mall, Suite 450
Raleigh, NC 27601

      Re: Testimony of the Honorable Jay Bybee, Attorney
           General Gonzales and Mr. David Addington

Dear Mr. Gilbert:

    This letter is to respond to the requests you made in letters to the Honorable Jay Bybee, dated March 10, 2005, Attorney General Alberto Gonzales, dated March 11, 2005, and Mr. David Addington, dated March 11, 2005. In those letters you requested information related to activity during the time that Judge Bybee was an Assistant Attorney General in the Department of Justice, Attorney General Gonzales was Counsel to the President and Mr. Addington was Counsel to the Vice President.

    You indicate that your intent ultimately is to seek testimony from these three officials regarding actions taken by them within the scope of their duties as Federal officials. Therefore, the proper course is for you to make a formal request to this office specifying the particular testimony you wish to elicit and the reasons why the testimony is necessary to your defense. At this time, without the specificity which is required, we are unable properly to respond to your requests.

Mr. Joseph B. Gilbert
April 14, 2005
Page Two

    Therefore, at this time, the requests made in your letters must be denied. In the future, please address your correspondence on these matters to me.

                      Yours truly,

                      FRANK D. WHITNEY
                      United States Attorney

                      R. A. RENFER, JR.
                      Assistant United States Attorney
                      Chief, Civil Division

RAR,JR:sb