Filed
12/27/05 jm

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.5:04-CR-211-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID A. PASSARO | MOTION TO STRIKE INDICTMENT SURPLUSAGE AND MEMORANDUM OF LAW |

Pursuant to Local Rule 47.1 and Federal Rule of Criminal Procedure 7(d), and for the reasons stated below, Defendant requests that this Court strike the surplus language contained in the Indictment dated June 17, 2004.

## Background

Defendant has been indicted on Count One alleging that on June 19, 2003, he assaulted Abdul Wali with a dangerous weapon (a flashlight). Count Two alleges that on the same date, Mr. Passaro knowingly and intentionally assaulted Abdul Wali, and such assault resulted in serious bodily injury. Count Three alleges that on June 20, 2003, Mr. Passaro willfully, knowingly, and intentionally assaulted Adbul Wali with a dangerous weapon (a flashlight), with intent to do bodily harm. Count Four alleges that on the same date as count three, Mr. Passaro knowingly and intentionally assaulted Adbul Wali, and such assault resulted in serious bodily injury. All counts allege violations of Title 18, U.S.C. section 113(a). The General Allegations contain information allegedly important to all four counts of the indictment. Defendant moves to

1

IC: Boyle unclassified

strike as surplus language, the last sentence of General Allegations, paragraph 3, stating that

Adbul Wali died in a cell on Asadabad Base on June 21, 2003.

## Memorandum of Law

Title 18, United States Code, §113(a) provides that:

[w]hoever, within the special maritime and territorial jurisdiction of the United
States, is guilty of an assault shall be punished as follows:

(3) [a]ssault with a deadly weapon, with intent to do bodily harm, and without just
cause or excuse, by a fine under this title or imprisonment for not more than ten
years, or both...

(6) [a]ssault resulting in serious bodily injury, by a fine under this title or
imprisonment for not more than 1 year, or both.

In order for the Government to prove that Mr. Passaro violated subsection (3) of 18 U.S.C. § 113(a) (counts one and three), it must prove that on or about June 19th and 20th, 2003, Mr. Passaro assaulted Adbul Wali with a deadly weapon, with intent to do bodily harm, and without just cause or excuse.

In order for the Government to prove that Mr. Passaro violated subsection (6) of 18 U.S.C. § 113(a) (counts two and four), it must prove that on or about June 19th and 20th, 2003, Mr. Passaro assaulted Adbul Wali, and such assault resulted in serious bodily injury.

The Government has not alleged that Mr. Passaro caused the death of Adbul Wali. The relevant statute does not require the Government to prove that Mr. Passaro caused the death of Abdul Wali.

Rule 401, Federal Rules of Evidence, defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of that action more probable or less probable than it would be without the evidence. Whether or not Mr.

2

Wali died, especially where the Government determined not to conduct an autopsy, does not make any fact in this matter more or less probable.

Rule 402, Federal Rules of Evidence, prohibits irrelevant evidence. Rule 403, Federal Rules of Evidence, prohibits even relevant evidence, if the danger or unfair prejudice, confusion of the issues, or a tendency to mislead the jury, outweigh any probative value.

Whether or not Mr. Wali died is not relevant to any fact at issue in this case, and mention of Wali's death can serve only to inflame the passions of the jury against Mr. Passaro, to confuse the issues, or to mislead the jury into concluding something the Government has not even charged (causation). Moreover, Defendant maintains that the surplus language in this indictment is not necessary, nor required by statute or the Federal Rules of Criminal Procedure.

WHEREFORE, Defendant requests that this Court strike the last sentence of numbered paragraph three as unnecessary language.

Respectfully submitted this 27th day of December, 2005.

                        THOMAS P. McNAMARA
                        Federal Public Defender

_Joseph B Gilbert_
JOSEPH B. GILBERT
Assistant Federal Public Defender
N.C. State Bar No. 21395

## CERTIFICATE OF SERVICE

I certify that this Motion to Strike Surplus Language and Memorandum of Law have been served upon:

JAMES CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by transmitting the same via secure facsimile to the Court Security Officer for classification review,

This the 27th day of December, 2005.

*Joseph B. Gilbert*

JOSEPH B. GILBERT
Assistant Federal Public Defender
N.C. State Bar No. 21395