UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.5:04-CR-211-1-BO

| UNITED STATES OF AMERICA | MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF LAW |
|---|---|
| v. | |
| DAVID A. PASSARO | |

Pursuant to Local Rule 47.1, the Due Process Clause of the Fifth Amendment, *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Federal Rule of Criminal Procedure 16(a)(1)(E), and for the reasons stated below, Defendant requests that this Court compel the Government to comply with its discovery requirements in this case.

**Background**

The Government had indicted Defendant on four counts alleging that he assaulted Abdul Wali, a terrorist suspect associated with rocket attacks on United States military forces in Afghanistan during June 2003. Defendant has requested discovery of documents relevant to the rules of engagement by personnel conducting interrogations in the war on terror. The Government, through various departments and agencies, including State, Defense, Justice, and the CIA, distributed memoranda during 2002, intended to inform the President, Secretaries, and field operators of the limits of criminal liability during the conduct of operations against those threatening the United States and its citizens. During August 2002, the CIA elicited specific

1

IC: Bowfe Unclassified

guidance from the Office of Legal Counsel, Department of Justice, as to which acts taken during interrogation of terror suspects are legally permissible. The Department of Justice responded, but both memoranda remain classified and unavailable to the public, to Mr. Passaro, or to his counsel, despite the receipt of appropriate national security clearances.

During the two weeks before and after Abdul Wali was taken into military custody at Asadabad firebase in Afghanistan, CIA and military personnel at Asadabad exchanged email communications with their counterparts and superiors from higher headquarters. The Government has provided some redacted communications between the CIA operators, but none between the military operators.

Abdul Wali died in military custody on June 21, 2003 at Asadabad. Immediately thereafter, military personnel took actions to clear themselves of responsibility for Wali's death, and two military investigations and one CIA investigation occurred shortly thereafter. The Director of Central Intelligence, George Tenet sent specific guidance to his personnel, and military and CIA parties briefed the Ambassador to Afghanistan about the significance of Wali's death on relations between the military, CIA and the regional and local populace in Afghanistan.

The Government requested notice from Defendant about a potential Public Authority Defense, and upon receiving notice of intent to seek such a defense, the Government moved to prevent a Public Authority Defense, stating such a defense was impossible, emphatically stating that no one had the authority to do the things it claimed Mr. Passaro had done while interviewing Abdul Wali.

Defendant maintains that it is disingenuous for the Government to move to prevent a Public Authority defense, while simultaneously withholding the communications between the

2

CIA and Department of Justice demonstrating the existence of legal authority to conduct interrogations in a fashion more severe than any actions purportedly taken by Mr. Passaro. Defendant also maintains that communications between military personnel will establish bias and motive essential to the defense.

**Memorandum of Law**

The Government must disclose to Defendant any favorable evidence in its possession material to guilt. *Brady v. Maryland*, 373 U.S. 83 (1963). Evidence is "material" if there is a "reasonable probability that it will affect the result of the proceeding." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Federal Rule of Criminal Procedure Rule 16 (a)(1)(E) compels production of items "material to preparing the defense."

Defendant maintains that the documents from the CIA requesting a legally binding opinion about techniques permissible during interrogations, and the Department of Justice memorandum stating explicitly which techniques were permissible, are material to establish that authority existed allowing conduct much more egregious than that alleged by the Government in this case. The first prong of a Public Authority Defense, is the existence of the authority. Therefore, nothing could be more relevant to this aspect of the defense than the very documents the Government refuses to disclose.

Mr. Wali was in military custody at all times for a 72 hour period at Asadabad. Military personnel certainly have motive to blame Mr. Passaro for his coincidental death, and any alleged injuries. Email communication between military personnel who attended Wali constantly, and their higher headquarters during the fever pitched activity conducted by the agencies after Mr. Wali died in military custody, are clearly relevant and material to the defense.

3

WHEREFORE, Defendant requests that this Court compel the Government to produce for examination and copying, the memoranda between the CIA and the Department of Justice establishing the rules of engagement during interviews of terror suspects, and email communications between military units and higher headquarters during the time relevant to the capture, interrogation, death, and activities associated with placating the public, the populace, and assuaging relationships between the military and other governmental agencies shortly after the death of Abdul Wali.

Respectfully submitted this 27th day of December, 2005.

THOMAS P. McNAMARA
Federal Public Defender

JOSEPH B. GILBERT
Assistant Federal Public Defender
N.C. State Bar No. 21395

4

## CERTIFICATE OF SERVICE

I certify that this Motion to Strike Surplus Language and Memorandum of Law have been served upon:

JAMES CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by transmitting the same via secure facsimile to the Court Security Officer for classification review,

This the 27th day of December, 2005.

JOSEPH B. GILBERT
Assistant Federal Public Defender
N.C. State Bar No. 21395