FILED WITH
COURT SECURITY OFFICER
1/12/06
DATE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:04-CR-211-BO(1)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID A. PASSARO, | ) |
| Defendant. | ) |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR JUDICIAL NOTICE

The United States of America (hereinafter "the government"), by and through the United States Attorney for the Eastern District of North Carolina, respectfully files this response in opposition to defendant's above-styled motion. The government states as follows:

**BACKGROUND**

Defendant Passaro has asked the Court to take judicial notice of certain statements made by George W. Bush, President of the United States, and Alberto Gonzalez, Attorney General of the United States, that are contained in two official documents of the government of the United States. (Attached as Exhibits 1 and 2 to defendant's motion).

Unclassified

Defendant makes his motion pursuant to Rule 201, Fed. R. Evid.[1]

Defendant provides no grounds to believe that the matters he seeks judicial notice of have any relevance to any issue in this prosecution. The government objects to the District Court taking notice of the matters identified in defendant's motion, pursuant to Rules 401 and 403, Fed. R. Evid.[2]

---

[1] Rule 201 in pertinent part provides that:

> Rule 201. Judicial Notice of Adjudicative Facts
> (a) Scope of rule. This rule governs only judicial notice of adjudicative facts.
> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
> (c) When discretionary. A court may take judicial notice, whether requested or not.
> (d) When mandatory. A court shall take judicial notice if quested by a party and supplied with the necessary information.
> (e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

[2] Rule 401 provides that:

> "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

(Continued on next page)

## **ARGUMENT**

Fed. R. Evid. 201(a) provides that, "This rule governs only judicial notice of adjudicative facts." The Advisory Notes to this Rule state that, "Adjudicative facts are simply the facts of the particular case." Therefore, "facts of the particular case" simply must be evidence that, in the language of Fed. R. Evid. 401, "ha(s) any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401,

---

(*Continued from previous page*)
Rule 403 provides that:

> Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time
>
>> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid.. See, <u>Dippin Dots, Inc. v. Frosty Bites Distribution, LLC</u>, 369 F.3d 1197, 1204 (11th Cir. 2004) ("Adjudicative facts are facts that are relevant to a determination of the claims presented in a case.").

Facts that can be judicially noticed are those that are "not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Rule 201(b), Fed. R. Evid. Defendant Passaro states that the facts he wishes this Court to take notice of are of the second variety.

However, adjudicative facts that are normally and regularly taken notice of are "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." <u>Shahar v. Bowers</u>, 120 F.3d 211, 214 (11th Cir. 1997); <u>United States v. Smith</u>, 289 F.3d 696, 707 n.13 (11th Cir. 2002). (District court impermissibly took judicial note of a "Human Rights Watch" report on racial profiling); see also <u>United States v. Lavender</u>, 602 F.2d 639, 641 (4th Cir. 1979) (appellate court takes judicial notice that geographic area of the commission of the charged crime was within the special maritime and territorial jurisdiction of the United States).

4

The "facts" that defendant Passaro asks the Court to notice do not fall into these simple, understandable categories. For instance, defendant's first request is that the Court take judicial notice that President Bush "accepted the legal conclusion of the Department of Justice that common Article 3 of Geneva does not apply to either Al Qaeda or Taliban detainees." (Defendant's Motion at 1). Without further extensive explication about what "common Article 3" is, what "Geneva" is, who or what "Al Qaeda" and the "Taliban" are, how is a juror supposed to understand this noticed "fact", and apply it in any permissible fashion to consideration of the defendant's guilt or innocence? Defendant Passaro's requests contained in the following three paragraph of his motion are of the same murky ilk.[3] They therefore fall afoul of Fed. R. Evid. 403's admonition against the danger of unfair prejudice, confusion of the issues, ( ) misleading the jury, .... undue delay, waste of time ...."

Defendant Passaro will undoubtedly seek to amplify and explain the application of the above "adjudicative facts" to the issues of this prosecution. He should not be permitted to do so, however, as "documents are judicially noticeable only for the purpose of determining what statements are contained therein, not to prove the

---

[3]The indictment, of course, no where mentions President Bush, the Department of Justice, common Article 3, or any of the various editions of the Geneva Convention, or Al Qaeda, or the Taliban, or anything about other "detainees."

5

truth of the contents or any party's assertion of what the contents mean." United States v. Southern California Edison Co., 300 F. Supp2d 964, 975 (E.D. Calif. 2004), citing Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir. 1995), and Wilshire Westwood Assocs, v. Atlantic Richfield Corp., 881 F.2d 801, 803 (9th Cir. 1989); see also, California ex rel. RONO, LLC v. ALTUS FINANCE, S.A., 344 F.3d 920, 931 (9th Cir. 2003) ("All requests for judicial notice are granted to the extent they are compatible with (FRE) 201 and do not require the acceptance of facts 'subject to reasonable dispute.'"); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

Even if the statements made by George W. Bush, President of the United States, and Alberto Gonzalez, Attorney General of the United States were somehow deemed by this court to be "adjudicative facts" within the meaning of Fed. R. Evid. 201, the Court should still prohibit their admission since they are not legally relevant.

No where in Defendant's three separate proffer's made pursuant to the Classified Information Procedures Act, Section 5, has the Defendant stated that he was aware of any of these statements at the time of his assault on Abdul Wali or in any way actually relied

on them while assaulting Wali in Afghanistan in June 2003. Moreover, even if he was aware of such statements, in no way is the applicability of the Geneva Convention relevant to Defenant's four-count indictment for assault for which he presently awaits trial. As such, they are simply not legally relevant to this prosecution and should be excluded.

Defendant's proposed "adjudicative facts" that he seeks judicial notice of are not compatible with Rule 201. Nor are they relevant to any matter at issue in this prosecution.

WHEREFORE, the government respectfully urges the Court to deny defendant's motion for judicial notice.

Respectfully submitted this __12th__ of January, 2006, by filing via hand delivery, pursuant to the Protective Order, <u>Under Seal</u> with the Court Security Officer.

                              FRANK D. WHITNEY
                              UNITED STATES ATTORNEY

By: _____
     JAMES A. CANDELMO
     Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Thomas P. McNamara, Federal Public Defender.
Office of the Federal Public Defender
Raleigh, North Carolina

by hand delivery to the Court Security Officer for distribution to the parties and classification review.

This the 12th day of January, 2006.

_____
JAMES A. CANDELMO
Assistant United States Attorney