UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:04-CR-211-BO(1)



UNITED STATES OF AMERICA )
)
v. )
)
DAVID A. PASSARO, )
)
DEFENDANT, )
)

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT ON VOID FOR VAGUENESS GROUNDS

The United States of America (hereinafter "the government"), by and through the United States Attorney for the Eastern District of North Carolina, respectfully files this response in opposition to defendant's above-styled motion. The government states as follows:

### BACKGROUND

1. Defendant Passaro has moved the Court to dismiss the pending indictment on void for vagueness grounds. He claims that the assault statute, Title 18, United States Code, §113, under which he is charged is unconstitutionally vague as applied to this case, "as it (sic) incapable of providing fair notice of the proscribed conduct to similarly situated CIA operatives, and of curtailing arbitrary enforcement by the Justice Department." (Defendant's motion at 1).

Unclassified

2. He further argues that "(t)he jurisdictional element, upon which the assault charges hinge, Title 18, United States Code, §7(9), renders Title 18, United States Code, §113 unconstitutionally vague as applied to CIA interrogations conducted under battlefield conditions in remote tactical firebases." (Defendant's motion at 4).[1]

3. Defendant does not claim, however, than any particular word, term, or phrase of either of the above statutes is in any way unclear, ambiguous, or lacking in definiteness or particularity.

**ARGUMENT**

4. Defendant's arguments are without substance. The specific crimes that he is charged with, Title 18, United States Code, §§113(a)(3) and (a)(6), are adequately defined in the statute, in language ordinary persons can understand, and together with the jurisdictional statute, give fair warning what actions are criminal, and discourage arbitrary and discriminatory enforcement.

5. In addition, since "vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand ( ), the statute is judged on an as-applied basis." Maynard v. Cartwright, 486 U.S. 356, 361, 108 S. Ct. 1853, 1857 (1988) (quoted in United States v. Gilliam, 975 F.2d

---

1. The Government strongly disagrees with Defendant's characterization of the beating of Wali, by hand foot and metal flashlight, while Wali was imprisoned in a cell at a military base in Afghanistan, after voluntarily surrendering to authorities at the base as "battlefield conditions."

2

1050, 1056 (4th Cir. 1992)); United States v. Mazurie, 419 U.S. 544, 550, 95 S. Ct. 710, 714 (1975). The two statutes, as they are applied against the proffered facts of this case, clearly are not void for vagueness. "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 n.7, 102 S. Ct. 1186 (1982) (quoting Parker v. Levy, 417 U.S. 733, 756, 94 S. Ct. 2547, 2561 (1974)); United States v. Williams, 364 F.3d 556, 560 (4th Cir. 2004) (machine gun statute as applied provided "person of ordinary intelligence clear notice").

6. The void-for-vagueness doctrine requires that penal statutes define crimes so that ordinary people can understand the conduct prohibited and so that arbitrary and discriminatory enforcement is not encouraged. Kolender v. Lawson, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858, (1983). In Kolender the Supreme Court invalidated a state statute that required persons who loiter or wander the streets to provide "credible or reliable" identification to police officers upon request. The Court held the statute unconstitutionally vague for failing to clarify what was contemplated by the requirement of providing "credible or reliable" identification. The Court found that this requirement "vests virtually complete discretion in the hands of the police to determine whether the suspect has satisfied the statute." Kolender, 461 U.S. at 1859. The Court added that the most

3

important aspect of the vagueness doctrine "is not actual notice, but the other principal element of the doctrine - - the requirement that a legislature establish minimal guidelines to govern law enforcement." Kolender, id., at 358 (quoting Smith v. Goguen, 415 U.S. 566, 574 , 94 S. Ct. 1242, 1247 (1974)).

7. In drafting criminal statutes, "(t)he Constitution does not, however, impose '(i)mposible standards of specificity." Jordan v. DeGeorge, 341 U.S. 223, 231, 71 S. Ct. 703 (1951).

8. "Courts should remain ever mindful that general statements of the law are not inherently incapable of giving fair and clear warning." U.S. v. Lanier, 520 U.S. 259, 271, 117 S. Ct. 1219 (1997) (statute that makes it criminal to act wilfully and under color of state law to deprive persons of rights protected by Constitution or laws of the United States not void for vagueness).

9. The Supreme Court has consistently held statutes sufficiently certain when they "employ words or phrases with "a well-settled common law meaning, notwithstanding an element ... of degree in the definition as to which estimates might differ....". Connally v. General Construction Co., 269 U.S. 385, 391, 46 S. Ct. 126 (1926), (quoted in United States v. Gaudreau, 860 F.2d 357, 362 (10th Cir. 1989).

10. "When considering a vagueness challenge to a penal statute, courts begin with the presumption that the statute comports with the requirements of federal due process and must be

upheld unless satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution." United States v. Welch, 327 F.3d 1081, 1094 (10th Cir.2003) (state bribery statute alleged as predicate crime in federal Travel Act indictment not void for vagueness); see also United States v. Platte, 401 F.3d 1176, 1189 (10th Cir. 2005) (terminology in statute prohibiting injury to "national-defense" materials not void for vagueness). "Legislatures are ordinarily assumed to have acted constitutionally." Clements v. Flashing, 457 U.S. 957, 963, 102 S. Ct. 2836 (1982).

11. With these above precepts in mind, it is apparent that defendant Passaro has failed to overcome the presumption of constitutionality that applies to the assault statute and the jurisdictional statute. First, the statutes give fair warning of their prohibitions in words and phrases with well-settled common law meaning. This Court has already construed the jurisdictional statute in the process of denying the defendant's motion to dismiss the indictment for lack of jurisdiction. This Court said, "(i)n reviewing the language of the statute (Title 18, United States Code, §7(9)), the Court will interpret the words in their ordinary, contemporary, common meaning.... whether statutory language is plain or ambiguous is determined by referencing the language itself, the context in which it is used, and the broader context of the statute as a whole." The Court did so, and found that the

statute properly extended extraterritorial jurisdiction over the facts of this case. (Court's Order Denying Defendant's Motion To Dismiss For Lack Of Jurisdiction, D.E 129, at 5).

12. The assault statute, as it is charged in Counts One and Three of the indictment, Title 18, United States Code, §113(a)(3), assault with a dangerous weapon with intent to do bodily harm, has already previously survived a challenge to its constitutionality on void for vagueness grounds. In United States v. Dupree, 544 F.2d 1050 (9th Cir. 1976), the appellate court reversed the dismissal of an indictment that charged a defendant with assault with a dangerous weapon with intent to do bodily harm. The district court had based its ruling on void for vagueness grounds. "The district court believed 'assault' to be undefined, and therefore found section 113(c) (the predecessor statute to §113(a)(3)) unconstitutionally vague." Dupree, 544 F.2d at 1051. The appellate court disagreed, finding that the statute at issue "is not impermissibly indefinite." Dupree, id., at 1051. The court held that "(t)he common-law meaning of a common-law term used in a federal criminal statute provides a source from which statutory precision may be derived." Id., at 1051. The court added that "(u)se of this common-law definition of assault will render (the statute) sufficiently certain to give a person of ordinary intelligence fair notice that his contemplated activity is forbidden." Id., at 1052.

6

13. Similarly, the wording of the assault statute charged in Counts Two and Four of the indictment, Title 18, United States Code, §113(a)(6), assault resulting in serious bodily injury, has previously withstood a challenge on void for vagueness grounds. In United States v. Fitzgerald, 882 F.2d 397 (9th Cir. 1989), a defendant moved to dismiss such a charge on the grounds that the term "serious bodily injury" was unconstitutionally vague, "and thus leaves its application and interpretation open to the discretion of prosecutors, juries, and judges." Fitzgerald, id, at 398. The court held that it need only examine the defendant's vagueness challenge under the particular facts of the case, "and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited." Id., at 398. The Court found that the phrase "serious bodily injury" encompassed the injuries of the victims in that case, and upheld the denial of the motion to dismiss. Id., at 398.

14. The assault statute analyzed in Fitzgerald was slightly different than that alleged in this indictment in Counts Two and Four. The earlier statute was a predecessor, and did not contain the definitionary sections found at Title 18, United States Code, §113(b)(2), which provides that the term "serious bodily injury" is to be given the meaning of that term as it is found in Title 18, United States Code, §1365(h)(3). That statute provides further clear, specific definition of that term, as well as others used in

7

the assault statute. Such clarity provides an additional bulwark against arbitrary discretionary enforcement. See, United States v. Gillian, 975 F.2d 1050, 1057 (4th Cir. 1992) (construing second prong of Kolender test, "we conclude that the numerous and detailed definitions of the terms used in the money laundering statute sufficiently curtails the discretion of law enforcement officers."); United States v. Jackson, 935 F.2d 832, 839 (7th Cir. 1991) (same).

15. An additional bulwark against arbitrary enforcement is provided by the assault statute's requirement of "scienter" as an essential element of the several offenses detailed therein. The Supreme Court recognized a scienter element as such a barrier in Village of Hoffman Estates, supra, at 499, 1193. There, the Court in setting out standards for evaluating vagueness, noted that they "should not, of course, be mechanically applied," and observed that "(t)he degree of vagueness that the Constitution tolerates .... depends in part on the nature of the enactment." The Court concluded that it "has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." Id., at 499, 1193; see, also, Colautti v. Franklin, 439 U.S. 379, 395, 99 S. Ct. 675, 685 (1979) ("This Court has long recognized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of mens rea").

8

16. The charging statute in this case does contain a scienter element. Title 18, United States Code, §113(a)(3), criminalizes assault with a dangerous weapon, with intent to do bodily harm. "Intent to do bodily harm" is an essential element of this crime. United States v. Sturgis, 48 F.3d 784, 786 (4th Cir. 1995) ("conviction .... requires proof of (1) an assault, (2) with a dangerous weapon, (3) with intent to do bodily harm"); United States v. Eagle, 586 F.2d 1193, 1196 (8th Cir. 1978) (section "requires use of a dangerous weapon and specific intent to do bodily harm").

17. Title 18, United States Code, §113(a)(6), criminalizes assault resulting in serious bodily injury. It, too, contains a scienter element. United States v. Davis, 237 F.3d 942, 944 (8th Cir. 2001) ("Assault resulting in serious bodily injury requires a finding of general intent"); Fitzgerald, supra, at 399; United States v. Lewis, 780 F.2d 1140, 1142 (4th Cir. 1983) (this section "is a general intent crime").

18. The pending indictment alleges these scienter elements in all four counts. Counts One and Three charge that defendant Passaro "willfully, knowingly and intentionally" assaulted Wali with a dangerous weapon. Counts Two and Four charge that defendant "knowingly and intentionally" assaulted Wali, resulting in serious bodily injury.

19. The Fourth Circuit Court has found that a statute's

9

requirement of scienter to be largely dispositive of whether a statute is unconstitutionally vague. In United States v. Klecker, 348 F.3d 69 (4th Cir. 2003), the Court considered a void for vagueness challenge to the so-called Controlled Substance Analogue Enforcement Act. The Court found that, "(t)he requirement of preventing arbitrary enforcement is easily satisfied here," because the statute required proof that the charged analogue substance was intended by the defendant for consumption by humans. The Court held, "(t)he intent requirement alone tends to defeat any vagueness challenge based on the potential for arbitrary enforcement." Klecker, 348 F.3d at 71.

20. The Fourth Circuit Court found similarly in a case involving a void for vagueness challenge to the money laundering statute. In United States v. Gilliam, supra, the Court noted that the statute required proof "that the transaction was designed to conceal one or another of the enumerated attributes of the proceeds involved." Gilliam, id., at 1056. The Court found that "(t)herefore, the government must prove a specific intent to structure a transaction so as to conceal the true nature of the proceeds." Id., at 1056. The Court consequently held that "(r)equiring the proof of specific intent satisfies the first element of the void for vagueness test, in that the convicted must have had notice that the conduct is proscribed in order to have the specific intent required for the money laundering crime." Id., at

10

1056. See, also, United States v. Jackson, supra, at 838 ("requirements of intent and knowledge 'do [ ] much to destroy any force in the argument that application of the [statute] would be so unfair that it must be held invalid .... especially with regard to the adequacy of notice to the complainant that his conduct is proscribed"); United States v. Gaudreau, supra, at 363 (statute's requirement of a "knowing" violation defeats vagueness challenge).

21. Having clearly shown herein that there is nothing inherently imperfect about the assault and jurisdictional statutes that causes them to be unconstitutionally vague, the government next turns to an examination of these statutes as they are applied to the particular facts of this case. By necessity these facts at this stage of the prosecution can only be considered allegations, as opposed to proven facts. Nonetheless, this Court has accepted both the government's and the defendant's proffered facts for the purpose of deciding defendant's motion to dismiss for lack of jurisdiction. The same procedure can be adopted for purposes of determining defendant's vagueness motion.

22. There actually can be no doubt that the charging statutes clearly apply to defendant's criminal conduct in this case. Because he brutally beat Abdul Wali with fist, foot, and flashlight his conduct is specifically encompassed by Title 18, United States Code, §§113(a)(3) and (a)(6). Because he committed these acts on a U.S. Army military base in a foreign country, there is

11

jurisdiction under Title 18, United States Code, §7(9)(A) & (B) to prosecute him in federal district court. Indeed, this Court has already determined that such extraterritorial jurisdiction does exist to permit this prosecution.

23. Defendant Passaro seeks to cloud the issue of the applicability of the charging statutes to his conduct by repeating his claims made previously in his motions to dismiss for lack of jurisdiction, and for selective prosecution, that the Department of Justice inconsistently interprets and applies these statutes in other similar situations supposedly involving CIA personnel. But one "who engages in some conduct that is clearly proscribed [by the challenged statute] cannot complain of the vagueness of the law as applied to the conduct of others." Village of Hoffman Estates, supra, at 495, 1191 (quoted in United States v. Corrow, 119 F.3d 796, 803 (10th Cir. 1997)). Moreover, his basis for those claims are merely anecdotal hearsay from anonymous sources in media reports. As the government has already shown in its responses to defendant's two above-referenced motions, these media reports are incompetent, unreliable evidence for purposes of these motions. More importantly, they have no logical connection to the issue of whether the charging statutes are unconstitutionally vague, and/or do not encompass the conduct of defendant. Therefore, they should be totally ignored in determining those issues. That leaves defendant Passaro with no basis to claim, nor any grounds to

12

complain, that the pending indictment against him is not properly based on sound statutes that are not void for vagueness.

WHEREFORE, for all of the above good and sufficient reasons, the government respectfully urges the denial of defendant's motion to dismiss on grounds of void for vagueness.

Respectfully Submitted,

FRANK D. WHITNEY
UNITED STATES ATTORNEY

By: _____
JAMES A. CANDELMO
ASSISTANT UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

THOMAS MCNAMARA
Federal Public Defender
Raleigh, North Carolina

by hand delivering to Jennifer Myers, United States District Court Clerk, for courier pick-up by the Federal Public Defender's Office with a copy of the foregoing sent via secure facsimile to the Court Security Officer for classification review on,

This the 20th day of January, 2006

JAMES A. CANDELMO
Assistant United States Attorney