

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-211-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID A. PASSARO, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL WITNESS INTERVIEWS**

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully files this response in opposition to defendant's Motion to Compel Witness Interviews. The government states as follows:

Defendant's motion to compel witness interviews contains no legal justification for compelling the pretrial interviews of witnesses, nor could it. Because there is no general constitutional or statutory right to pretrial discovery, Defendant has no legal right to compel pretrial interviews of any witness. Furthermore, Defendant has not been denied access to the individuals in question; they simply have not been authorized to speak with him on

SCANNED

*lc: Boyle*

information that they obtained within their official duties, as outlined in the regulations governing the release of information from the Department of Justice and the Central Intelligence Agency. If Defendant is seeking authorization for disclosure of information related to the performance of the individual's official duties, a motion to compel on that issue is premature. Defendant has not yet complied with the internal agency regulations necessary for access to this information, despite receiving notice of these administrative requirements over seven months ago.

## I. Defendant Cannot Compel Witnesses to Submit to Pretrial Interviews.

Defendant has no legal right to compel witnesses to submit to pretrial interviews. Criminal defendants do not have a general right to pretrial discovery; to obtain discovery, they must show why they are legally entitled to it under the Federal Rules of Criminal Procedure or Brady v. Maryland, 373 U.S. 83 (1983). See United States v. LaRouche, 896 F.2d 815 (4th Cir. 1990) ("Criminal defendants do not have a 'general' constitutional right to discovery."); United States v. Johnson, 228 F.3d 920, 924 (8th Cir. 2000) (noting that because criminal defendants do not have a general constitutional right to discovery, "a defendant must point to a statute, rule of criminal

2

procedures, or other entitlement to obtain discovery from the government"). Here, Defendant has pointed to no legal authority that would allow him to compel the pretrial interviews of any witnesses.

This failure to identify any valid legal basis that would allow him to compel witness interviews is because no such legal justification to compel the interviews exists. Although Defendant may have a right of access to witnesses, he does not have a right to compel a pretrial witness interview. See United States v. Tipton, 90 F.3d 861, 889 (4th Cir. 1996) ("there is no right to have witnesses compelled to submit to interview"); United States v. Casseus, 282 F.3d 253, 257 (3rd Cir. 2002) (upholding district court's decision to refuse to order the prosecution to disclose and allow the defense to interview the only eyewitnesses in the case, who was in the prosecution's custody). A witness may always refuse Defendant's request for an interview. Tipton, 90 F.3d at 889.

## II. Defendant Cannot Seek a Motion to Compel Because He has Not Yet Complied with Agency Regulations.

To the extent Defendant is requesting an order compelling the government to authorize individuals to speak to defense counsel about information acquired by the

3

individuals because of their official duties, this request also must fail.

Congress has authorized federal agencies to enact regulations establishing agency policies and procedures for requests for testimony about official activities. See 5 U.S.C. § 301; United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951) (upholding agency regulations as a valid exercise of authority). Based on this statutory authority, both the Department of Justice and the CIA have procedural rules that govern access to information in their files, or information acquired by individuals because of their association with these federal agencies. See 32 C.F.R. § 1905.1 et seq. (outlining policy and procedure for disclosure of CIA documents or information); 28 C.F.R. § 16.21 et seq. (providing procedures for disclosure of Department of Justice information). These regulations allow federal agencies to make centralized determinations about whether, and to what extent, demands for the release or disclosure of information will be honored. See Touhy, 340 U.S. at 468 ("When one considers the variety of information contained in the files of any government department, and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity,

of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious.").

CIA's regulations forbid any employee from producing materials or information without prior authorization from the CIA. 32 C.F.R. § 1905.3(a). They further require that, to gain authorization, the party seeking testimony provide the CIA's Office of General Counsel "a reasonably detailed description of the testimony sought, in the form of an affidavit or, if that is not feasible, a written statement." 32 C.F.R. § 1905.4(d). The CIA's Office of General Counsel notified Defendant's counsel of these regulations, asking that "all such requests be submitted to my office," on 12 May 2005. See Defendant's Motion to Compel Witness Interviews, Ex.1. Despite being notified of these requirements, Defendant has not provided the CIA's Office of General Counsel a written statement or affidavit providing reasonably detailed description of the testimony sought, nor has he requested authorization to talk to employees about any specific issue.

Likewise, when oral testimony is requested in a matter in which the United States is a party, the Justice Department's regulations require that the party seeking the testimony, or the party's attorney, furnish "an affidavit, or, if that is not feasible, a statement . . . setting

5

forth a summary of the testimony sought." 28 C.F.R. § 16.23(c). Defense counsel was notified of the Department of Justice regulations by letter on April 14, 2005. See Defendant's Motion to Compel Witness Interviews, Ex. 2 ("the proper course is for you to make a formal request to this office specifying the particular testimony you wish to elicit and the reasons why the testimony is necessary to your defense. At this time, without the specificity which is required, we are unable properly to respond to your requests."). Defendant did not respond to this letter, or provide the additional specificity that would allow the Department of Justice to evaluate the proposed testimony.

Defendant has never complied with the administrative procedures required to gain this information, even though he was notified of those regulations over seven months ago. This defect entirely undermines any argument for a motion to compel; the government cannot assess whether it should release information because Defendant has never provided either the Central Intelligence Agency (CIA) or the Department of Justice a description of what information it wants released, as required by the administrative regulations. Because federal agencies have statutory authority to regulate the use of their information and the conduct of their employees, Defendant's request also

6

"raises the prospect of serious repercussions for the relationship between two coequal branches of government." SEC ex rel. Glotzer v. Stewart, 374 F.3d 184, 188 (2nd Cir. 2004) (internal citations omitted). Defendant may not circumvent the executive branch's validly enacted regulations by seeking a motion to compel from this Court before he has even properly requested the information he seeks.

Defendant's failure to request access to federal government employees through proper administrative channels is fatal to his request for a motion to compel. In United States v. Fuller, No. 92-5390, 1993 WL 410884 at *9 (4th Cir. October 15, 1993) (unpublished opinion), for example, the defendant attempted to subpoena an Assistant United States Attorney to testify at a suppression hearing. The district court refused to issue the subpoena because defendant had not followed the Department of Justice's regulation. Although the defendant claimed this refusal violated his Sixth Amendment rights, the Fourth Circuit declined to reach the constitutional issue, and upheld the district court's decision because of the defendant's failure to comply with the regulations. Id. See also United States v. Marino, 658 F.2d 1120, 1125 (6th Cir. 1981) (finding that the court could not address the Sixth

7

Amendment right to call witnesses until "defendants follow [Department of Justice] procedures and then have their demands denied"); United States v. Wallace, 32 F.3d 921, 929 (5th Cir. 1984) (noting that defendants failure to make a timely request to the Department of Justice for testimony precluded any claim that they were entitled to subpoena the employee); United States v. Allen, 554 F.2d 398, 406 (10th Cir. 1977) (noting that because the "record shows no effort by defendant to submit the affidavit or statement summarizing the testimony desired so that the Department could consider the request and determine whether to grant permission for testimony . . . . defendant is in no position to claim error in the court's refusal to require testimony by the prosecutor."); United States v. Bizzard, 674 F.2d 1382, 1387 (11th Cir. 1982) (upholding district court's quashing of subpoena to Department of Justice employee because defendant failed to comply with Department of Justice regulations).

Defendant's request for a motion to compel suffers from the same defect. If he is seeking authorization for release of information, Defendant must comply with the required administrative procedures so that both the CIA and Department of Justice can fully consider his request for release of information through pretrial interviews. Until

8

he has sought authorization, Defendant cannot seek a motion to compel.

## III. After Obtaining Authorization, Employees May Speak to Defense Counsel on Preapproved Topics if They Choose.

Once Defendant complies with the administrative procedures necessary for release of information, the CIA and Department of Justice can determine whether, and to what extent, the agency information requested may be released through a pretrial interview. This determination is based on the considerations and factors outlined in the administrative regulations. See 28 C.F.R. § 16.26; 32 C.F.R. § 1905.4(c). After that determination, the individuals will be notified of what information is authorized for release to Defendant or his counsel. At that point, the individuals may meet with Defendant or his counsel to discuss the issues authorized for release if they so choose. Even after authorization, however, Defendant cannot compel the individuals to submit to a pretrial interview. See Tipton, 90 F.3d at 889.

## CONCLUSION

Defendant's Motion to Compel Witness Interviews either seeks to compel witness interviews to which he is not entitled, or asks the Court to order authorization of the release of information, even though the Defendant has not

9

sought nor exhausted, proper administrative procedures to have the information released. Because there is no legal basis for either request, Defendant's motion must be denied.

Respectfully submitted on this 1st day of February, 2006.

                        FRANK D. WHITNEY
                        United States Attorney

                        By: JAMES A. CANDELMO
                        Assistant United States Attorney

10

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served upon counsel for the defendants through electronic case filing or by sending a copy of the foregoing by first-class mail or messenger on February 1, 2006 to:

THOMAS MCNAMARA
Federal Public Defender
Raleigh, North Carolina

_____
JAMES A. CANDELMO
Assistant United States Attorney