# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

FILED

FEB - 1 2006

FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

No. 5:04-CR-211-1-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID A. PASSARO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Government's Motion *In Limine* to Exclude

Defendant's Public Authority Defense. The Government filed the motion on November 23,

2005, moving to exclude Defendant's public authority defense due to his failure to adequately

proffer facts which would support its presentation at trial. Defendant responded, and the Court

heard arguments on December 16, 2005. Defendant then filed supplemental pleadings in

opposition to the motion, which the Government answered on January 12, 2006.

"Public authority" has been described as an affirmative defense whereby the defendant

can "seek exoneration based on the fact that he reasonably relied on the authority of a

government official to engage him in covert activity." *United States v. Baptista-Rodriguez*, 17

F.3d 1354, 1368 (11th Cir. 1994); *see also United States v. Achter*, 52 F.3d 753, 755 (8th Cir.

1995). Like its sister circuits, the Fourth Circuit has held that the validity of this defense depends

upon whether the government official in fact had the authority to empower the defendant to

perform the acts in question. *United States v. Fulcher*, 250 F.3d 244, 253 (4th Cir. 2001). If the

official had no such power, then the defendant may not rest on the public authority defense.

*Baptista-Rodriguez*, 17 F.3d at 1368.

In its pretrial motion, the Government moves the Court to exclude Defendant's public authority defense. The Government specifically argues that Defendant has failed to identify any acts or statements of a government official upon which he reasonably could have relied to authorize his interrogation of Abdul Wali, the victim in this case. Moreover, according to the Government, Defendant has failed to identify a single government official with actual authority to authorize his conduct. Therefore, the Government contends that Defendant cannot legitimately assert a public authority defense and should be barred from presenting it at trial.

After careful consideration, the Court finds that such a determination at this stage in Defendant's prosecution would be premature. In order to fairly evaluate whether the facts in this case warrant a public authority defense, the Court must hear the proof at trial. Once it has heard this evidence, presented in the form of witnesses or otherwise, it will be in a considerably better position to evaluate whether Defendant is entitled to the defense. For example, although the Government is representing that Defendant "beat" Wali with "a metal flashlight, closed fist and shot foot," these are merely allegations. Developing the evidence at trial will establish what in fact happened during the interrogation, enabling the Court to measure Defendant's proven behavior against what he may have been authorized to do. Therefore, it is a necessary first step in evaluating the viability of Defendant's public authority defense.

If no evidence is presented which would support a jury finding that a government official with actual authority empowered Defendant to detain and question the victim as he did, then the Court will find as a matter of law that no public authority existed. However, until the factual record is developed, such a conclusion would be inappropriate. Furthermore, the Court notes that the Fourth Circuit has expressly held that it "generally disfavor[s] the practice of disposing

2

of affirmative defenses on the basis that there is no evidence to support the defense prior to the presentation of any evidence at trial." *United States v. Aquino-Chacon*, 109 F.3d 936, 939 (4th Cir. 1997).

The consequence of this decision is not to establish that Defendant has a public authority defense or that such a defense is even relevant to this case. Rather, the Court is withholding any ruling until such time that sufficient evidence is presented to support a ruling on the issue. Moreover, this decision does not open the door to any additional discovery beyond what is already authorized on Defendant's behalf.

Accordingly, the Government's Motion *In Limine* to Exclude Defendant's Public Authority Defense is DENIED as it is not yet ripe for consideration.

SO ORDERED.

This the **31** day of January, 2006.

Terrence W. Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3