IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION



No. 5:04-CR-211-1-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID A. PASSARO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Judicial Notice. The Government responded, and the motion is ripe for review. For the reasons discussed below, Defendant's motion is DENIED.

## BACKGROUND

Defendant filed the instant motion on December 15, 2005, moving the Court to take judicial notice of facts gleaned from statements made by George W. Bush, President of the United States, and Alberto Gonzales, his Attorney General, which are contained in official executive memoranda. Specifically, Defendant seeks judicial notice of the following facts:

1. On February 7, 2002, President Bush accepted the legal conclusion of the Department of Justice that common Article 3 of Geneva does not apply to either al-Qaeda or Taliban detainees.

2. On February 7, 2002, President Bush determined that Taliban detainees are unlawful combatants, and therefore do not qualify as prisoners of war under Article 4 of Geneva.

3. On February 7, 2002, President Bush accepted the legal conclusion of the Department of Justice that none of the provisions of Geneva apply to our conflict with al-Qaeda in Afghanistan or elsewhere throughout the world.

4. On January 18, 2002, Attorney General Gonzales advised President Bush that

✓

>           the Department of Justice had issued a formal legal opinion concluding that
>           Geneva Convention (III) relative to the Treatment of Prisoners of War does not
>           apply to the conflict with al-Qaeda.

In response, the Government contends that these facts are not adjudicative facts which can properly be taken notice of by the Court. Moreover, even if they were, they have no relevance to any issue involved in Defendant's prosecution, and Defendant has provided no basis for believing they do. Therefore, according to the Government, Defendant's motion must be denied.

## DISCUSSION

Taking judicial notice of facts is "a highly limited process" which is governed by Federal Rule of Evidence 201. *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (explaining that such caution is the consequence of bypassing the safeguards inherent in the usual process of proving facts by competent evidence in court). This rule clearly provides that a judicially noticed fact is one which is "not subject to reasonable dispute," meaning it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Therefore, courts can only take judicial notice of facts which have a "high degree of indisputability" and are "outside the area of reasonable controversy." Fed. R. Evid. 201(a) advisory committee's note.

Furthermore, courts can only take notice of "adjudicative facts" which are marked by such certainty. Fed. R. Evid. 201(a). An adjudicative fact is a fact "concerning the immediate parties– who did what, where, when, how, and with what motive or intent." Fed. R. Evid. 201 advisory committee's note (quoting 2 Kenneth C. Davis, Administrative Law Treatise 353 (1958)). Adjudicative facts must, by definition, be relevant. 21 Charles A. Wright & Kenneth

2

W. Graham, Jr., Federal Practice and Procedure § 510, at 483-84 (1977). Therefore, scientific facts, matters of geography, and matters of political science, which are considered "not subject to reasonable dispute," are facts which courts ordinarily take judicial notice of provided the fact in question has a direct relation to the matters at issue. *Shahar*, 120 F.3d at 214. For example, when the sun rose or set on a specific day, the boundaries of a state, or who the president was in a given year, are facts which typically qualify for judicial notice so long as the information is relevant to the case at hand. *Id.*

In this case, the facts which Defendant wants the Court to notice are not adjudicative facts within the meaning of the rule. First, they do not occupy the same certain position of a scientific or historical fact or possess the requisite indisputability of a judicially noticed fact. Second, they do not concern any of the parties immediately involved in Defendant's prosecution, or speak to "who did what, where, when, how, and with what motive or intent." They simply have no direct relation to the matters at issue in the case. Moreover, Defendant is not merely asking the Court to take judicial notice of the existence or authenticity of these memoranda sent by the President and Attorney General Gonzales. He is seeking judicial notice of the truth of the facts or statements recited in these documents, which would be improper. *See Lee v. Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (holding that a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein); *see also United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004) ("While the court may take judicial notice of the general meaning of words, phrases, and legal expressions, documents are judicially noticeable only for the purpose of determining what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean");

*Shahar*, 120 F.3d at 214, n.5 ("We stress that we are not asked merely to take judicial notice of the fact that the media has reported 'X' or the fact that a press release says 'X.' We are asked to know 'X'"). Therefore, Defendant is improperly seeking judicial notice of facts which are not adjudicative, and his motion must be denied.

## CONCLUSION

Because Defendant seeks judicial notice of facts which are not adjudicative facts within the meaning of the rule, the Court finds that taking such notice would be inappropriate. Accordingly, Defendant's Motion for Judicial Notice is DENIED.

SO ORDERED.

This the 4 day of February, 2006.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE