IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


FILED
FEB 2 2 2006
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

No. 5:04-CR-211-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVID A. PASSARO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion to Dismiss Indictment for Selective Prosecution. The Government responded, and for the reasons discussed below, Defendant's motion is DENIED.

## BACKGROUND

Defendant argues that he has been singled out by the Government for prosecution when similarly situated Central Intelligence Agency ("CIA") employees have not been prosecuted. He claims that the Government's motive for pursuing his prosecution is to provide "political coverage" for the Department of Justice ("DOJ") to avoid accountability for authorizing the use of especially harsh interrogation methods on detainees in CIA custody. Specifically, Defendant claims that in the wake of the Abu Ghraib prisoner abuse scandal, DOJ needed a "token" CIA prosecution and because he is a CIA contractor rather than a regular employee, he was chosen to answer that need.[1] In support of his claim, Defendant offers newspaper articles detailing at least four other cases involving CIA employees who were implicated in detainee deaths but have not

---

[1] According to Defendant, "a career employee likely has the institutional knowledge of the full extent of the CIA's interrogation authority. Thus, a prosecution of such a person would pose a much greater risk of public exposure of this still secret scope of authority."

Orig. hand delivered Gov't. + counsel ✓

been prosecuted. Defendant contends that "had he been a CIA employee, he would have enjoyed the same freedom from prosecution."

## DISCUSSION

In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute. *United States v. Wayte*, 470 U.S. 598, 555-56 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380 (1982)). "[So] long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). This broad discretion is grounded in the general understanding that the decision to prosecute is particularly ill-suited to judicial review. As the Supreme Court has explained:

> Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. Judicial supervision in this area, moreover, entails systematic costs of particular concern. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision to prosecute.

*Wayte*, 470 U.S. at 556. However, prosecutorial discretion is not "unfettered." *United States v. Batchelder*, 442 U.S. 114, 125 (1979). In particular, the decision to prosecute may not be "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Bordenkircher*, 434 U.S. at 464 (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)).

2

A defendant who believes he has been targeted on such an impermissible basis, may have a claim for selective prosecution, which "is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Specifically, a defendant "may demonstrate that the administration of a criminal law is 'directed exclusively against a particular class of persons... with a mind so unequal and oppressive' that the system of prosecution amounts to 'a particular denial' of equal protection under the law." *Id.* at 464-65 (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886)). To prevail on a selective prosecution claim based upon equal protection, a defendant must consequently show both that the Government's prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* at 465. Furthermore, a defendant must satisfy these two elements by "exceptionally clear proof." *McCleskey v. Kemp*, 481 U.S. 279, 297 (1987) ("Because discretion is essential to the criminal justice process, we would demand exceptionally clear proof before we would infer that the discretion has been abused"). Therefore, "claims for selective prosecution are not easily established" and a defendant who chooses to pursue one faces an uphill battle. *See United States v. John Walker Lindh*, 212 F. Supp. 2d 541, 565 (E.D.Va. 2002).

As a result, Defendant must show by exceptionally clear proof that the Government's decision to prosecute his case had a discriminatory effect and was motivated by a discriminatory purpose. In his effort to satisfy the first element, Defendant argues that because he is a CIA contractor rather than a regular employee, "he is the only CIA person being prosecuted and likely will remain the only one prosecuted." As evidentiary support, he primarily relies on the article in the October 23, 2005 issue of the *New York Times* entitled "CIA is Likely to Avoid Charges in

3

Most Prisoner Deaths." However, as the Government properly points out, this article fails to definitively state that CIA employees will or have escaped prosecution.[2] In fact, its writers acknowledge that "some of the cases are still technically under review by the Justice Department" and that neither the number of possible abuse cases nor the number of CIA employees named in these cases has been disclosed. Therefore, Defendant has failed to offer any objective evidence of discriminatory effect such as statistical information, which corroborates his claim that similarly situated CIA employees have actually escaped prosecution. Moreover, among the cases the article states will likely avoid prosecution is one involving a CIA contractor, which directly refutes Defendant's claim that his contractor status has made him a target and CIA employees are alone immune from prosecution.[3]

Even if Defendant were able to show discriminatory effect, he has not shown discriminatory purpose. Discriminatory purpose implies that the prosecutor "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v.*

---

[2]The first sentence reads, "Despite indications of CIA involvement in the deaths of at least four prisoners in Iraq and Afghanistan, CIA employees now appear likely to escape criminal charges in all but one of those incidents, according to current and former intelligence and law enforcement officials." The Government correctly argues that the use of such qualifying language as "likely" renders a statement "a mere prediction of a future event, not an assertion of fact," and confirms that the article seems to "recount[] hearsay and report[] personal conclusions based on anecdotal evidence" much like the affidavits disregarded by the Supreme Court in *Armstrong.* 517 U.S. at 470.

[3]The Court notes that Defendant also has failed to provide evidence of other CIA contractors who have been subject to prosecution, which would establish a "systematic, fixed and continuous policy of unjust discrimination." *See United States v. Robinson*, 311 F. Supp. 1063, 1066 (W.D. Missouri, 1969). In fact, Defendant even acknowledges that he "likely will remain" the only "CIA person" prosecuted, suggesting that his claim is fundamentally incompatible with a selective prosecution claim. If anything, his theory that he is a "token" prosecution which will provide "political coverage" seems more analogous to a claim for prosecutorial misconduct or abuse.

*Feeney*, 442 U.S. 256, 279 (1979). Therefore, to prove this second element of a selective prosecution claim, Defendant must show that "the decision to prosecute was invidious or in bad faith" because it was based at least in part on his being a CIA contractor. *United States v. Olvis*, 743 F.3d 739, 743 (4th Cir, 1996). However, Defendant has failed to offer any evidence that his contractor status had anything to do with the Government's decision to prosecute him. In fact, the evidence he offers clarifies fundamental differences between his case and other possible CIA cases, and confirms the presumption that the Government is properly prosecuting Defendant, namely because it feels it can prove its case, not because he is a CIA contractor.[4] Moreover, Defendant has not submitted any reliable evidence to substantiate his theory that he was selected for a "token" prosecution in order to provide DOJ with "political coverage," or that the federal prosecutors who indicted him and are now pursuing his prosecution are driven by an invidious or unconstitutional motive. *See United States v. Smith*, 812 F.2d 161, 163 (4th Cir. 1997).

Therefore, Defendant's selective prosecution claim fails because it rests on mere speculation, as to both discriminatory effect and the motives of the prosecution. And "in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." *See Armstrong*, 517 U.S. at 464 (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)).

## CONCLUSION

As discussed above, Defendant has failed to show discriminatory effect and

---

[4]The previously cited article, for example, discusses a case involving a CIA employee implicated in the hypothermia death of an Afghan prisoner. It states that this CIA employee would face a negligent homicide charge if any, and that his legal culpability was "less clear-cut" since "there was no way to prove that Afghan guards had not abused the prisoner during the night." Similar comments appear throughout the article, suggesting that other cases have not been prosecuted due to insufficient evidence or because they are just too difficult to prove.

5

discriminatory purpose. Therefore, he has failed to carry the heavy burden of establishing a selective prosecution claim. Accordingly, Defendant's Motion to Dismiss Indictment for Selective Prosecution is DENIED.

This the 17 day of February, 2006.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE