UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:01-CR-211-1-1BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID A. PASSARO | ) |

**GOVERNMENT'S MOTION TO SCHEDULE AN <u>IN CAMERA</u> HEARING
TO DETERMINE MATTERS UNDER SECTION 6
OF THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves this honorable court to schedule an <u>in camera</u> hearing pursuant to Section 6(a) of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"). In support thereof, states the following:

This case is presently scheduled to commence trial on April 3, 2006. On November 23, 2005, the Government moved this court to conduct an <u>ex parte</u> hearing pursuant to Section 6 of the CIPA and to make all determinations concerning use, relevance, or admissibility of classified information.[1] CIPA requires after such a pre-trial hearing, the Court "shall set forth in writing the basis for its determination." The statute further requires the

---

[1] In that motion, the Government represented that it had "applied for the certification of the Assistant Attorney General for the Criminal Division, Alice S. Fisher, exercising the authority of the Attorney General for this purpose pursuant to Section 14 of CIPA." (Motion at 1). On November 29, 2005 the Government received certification from the Assistant Attorney General Fisher and has enclosed a copy as an attachment to this motion.

c: Boyle + FPD

court to rule prior to the commencement of the trial. CIPA Section 6(a).

Due to the large amount of classified information proffered by the Defendant in his CIPA Section 5 notice, the Government expects the hearing to take approximately two full days of the Court's time. Thereafter, the parties shall await written rulings from the Court on all matters in dispute regarding the handling of classified information at trial. Due to the complexity of the issues presented, the Government requests a minimum of five days notice.

The Government believes it will need thirty days from the date the Court enters its ruling, pursuant to CIPA Section 6, admitting and excluding classified information, in order to determine what witnesses will be available and called for testimony at trial. This time is necessary due to the difficulty in producing witnesses presently located throughout the world, a number of whom are in an operational military environment.

WHEREFORE, the United States respectfully requests that, the Court schedule a hearing pursuant to CIPA Section 6 and to schedule trial no sooner than thirty days from the date of any written ruling resulting from such hearing.

Respectfully submitted this 24th day of February, 2006.

FRANK W. WHITNEY
United States Attorney

BY: JAMES A. CANDELMO
Assistant United States Attorney
Criminal Division

2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was delivered via courier this 27th day of February, 2006, to:

Thomas McNamara
Federal Public Defender
Raleigh, North Carolina

                                        JAMES A. CANDELMO
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-CR-211-BO



| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| vs. | ) |
| | ) |
| DAVID A. PASSARO | ) |

**PETITION OF THE ASSISTANT ATTORNEY GENERAL,
CRIMINAL DIVISION, FOR IN CAMERA HEARING**

CITY OF WASHINGTON
DISTRICT OF COLUMBIA

Alice S. Fisher, being duly sworn, deposes and says:

1. I am the Assistant Attorney General in charge of the Criminal Division, United States Department of Justice.

2. The Attorney General, pursuant to Section 14 of the Classified Information Procedures Act, 18 United States Code, App. 3 (hereinafter, "CIPA" or "the Act"), has designated the Assistant Attorney General, Criminal Division, to exercise or perform the function and duties conferred upon the Attorney General and the Deputy Attorney General by the Act.

3. I submit this affidavit pursuant to Section 6(a) of CIPA, which authorizes me, as an Assistant Attorney General designated by the Attorney General for such purpose, to request that a hearing be held in camera, if I certify that a public proceeding may result in the disclosure of classified information.

4. The matters stated herein are based upon my knowledge, upon review and consideration of documents and information available to me in my official capacity as Assistant

Attorney General, Criminal Division, upon discussions I have had with other Justice Department officials, and upon consideration of a letter submitted by the Office of General Counsel, Central Intelligence Agency.

5. I hereby certify that a public proceeding under Section 6(a) of CIPA may result in the disclosure of classified information.

6. I respectfully request that this court, pursuant to Section 6(a) of CIPA, conduct an in camera hearing and make all determinations concerning the use, relevance, and admissibility of classified information that would otherwise be made during trial or pretrial proceedings in this matter.

ALICE S. FISHER
Assistant Attorney General
Criminal Division

Subscribed to and Sworn to before me this 29th day of November, 2005.

My commission expires on 2/29/09.

Valerie
Notary Public
D.C.

CENTRAL INTELLIGENCE AGENCY
WASHINGTON, D.C. 20505

Office of General Counsel

16 November 2005

**VIA FACSIMILE**

Clifford Rones, Esq.
Counterespionage Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W. - 9th Floor
Washington, DC 20005

    Re: U.S. v. Passaro, No. 5:04-CR-211-BO (E.D.N.C.)

Dear Mr. Rones:

    I am writing this letter in support of the Government's motion that CIPA section 6 hearings in the above-referenced matter be held in camera pursuant to section 6(a) of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3. I have reviewed the relevant pleadings in this case and consulted with the appropriate officials within the Central Intelligence Agency (CIA) Directorate of Operations. I hereby certify that a public proceeding may result in the disclosure of classified information and, on behalf of the CIA, request the Attorney General or his designee seek closure of these proceedings.

    CIPA section 6 hearings are anticipated to litigate defendant's previously filed notice under CIPA section 5 of the classified information defendant reasonably expects to disclose or to cause to be disclosed at trial. Public discussion of defendant's section 5 notice would reveal intelligence sources and methods and reasonably could be expected to cause serious or exceptionally grave damage to the national security.

    Specifically, the defense notices indicate an intention to disclose several areas of classified information, and cite to specific classified documents. Argument on these areas and

Clifford Rones, Esq.

documents will necessarily require discussion of classified information and consequently will require in camera proceedings. The following is a list of specific classified intelligence sources and methods, among others, that require in camera proceedings:

- Information concerning CIA's covert locations overseas;

- Information concerning CIA's covert locations in the United States;

- The true names of covert CIA officers and contractors; and

- The identities of paid clandestine human sources.

Thank you for your coordination on this matter and please feel free to contact me with any questions or concerns.

Sincerely

Brian S. Morrison
Assistant General Counsel