IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION



No. 5:04-CR-211-1-BO

UNITED STATES OF AMERICA,     )
                              )
        v.                    )     ORDER
                              )
DAVID A. PASSARO,             )
                              )
        Defendant.            )
_____)

## BACKGROUND

The Defendant was indicted on four counts of assault in violation of 18 U.S.C. § 113 on June 17, 2004.[1] The Defendant was thereafter arrested and detained by a Magistrate Judge of this Court after his initial appearance. The detention was reviewed by the District Court, and on August 27, 2004, the Defendant was released under conditions of release with electronic monitoring and a curfew.

On June 8, 2005, the Defendant returned to this Court for review of his detention status based on alleged violations of his release conditions. The Court revoked the release at that time and ordered the Defendant detained awaiting trial. The Defendant has been detained in the custody of the United States Marshal, or his representative, since that time awaiting jury trial in this Court.

---

[1] Counts 1 and 3 charge Defendant with willfully, knowingly, and intentionally assaulting the victim with a dangerous weapon with the intent to cause bodily harm to the victim in violation of 18 U.S.C. § 113(a)(3). Counts 2 and 4 charge Defendant with knowingly and intentionally assaulting the victim, and that such assault resulted in serious bodily injury to the victim in violation of § 113(a)(6). *See* Indictment Dated June 17, 2004.

The case has been set several times for trial, beginning in the fall of 2005 and continuing through the present, the most recent trial setting being April 3, 2006. Because of security issues and the presence of classified evidence, the Court is required to conduct special criminal proceedings and to provide both the government and the defense with advance notice of rulings on evidence that will be admissible at trial and which may involve classified documents. These circumstances have caused significant delay in the commencement of trial. As the case proceeds toward an effective trial date, it is apparent that the Defendant needs to have regular and frequent contact with his attorneys and access to the classified information that may be considered at trial. The Defendant's continued detention inhibits the adequate preparation for trial and works an unreasonable hardship on the defense in light of his danger to the community and risk of flight.

## DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3141-3150, favors pretrial release. *See* Bail Reform Act of 1966 (amended 1984), Pub.L. 89-465 § 2 (stating that the purpose of the Act "is to revise the practices relating to bail to assure that all persons, regardless of their financial status shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal, when detention serves neither the ends of justice, nor the public interest"). Therefore, if there is no rebuttable presumption that a defendant should be detained, a court is required to release a defendant awaiting trial, subject to the least restrictive condition or combination of conditions that will assure the appearance of the person as required and that will assure the safety of the community. *See* 18 U.S.C. § 3142(b),(c), (e), and (f). In addition, a court may permit the temporary release of a defendant in detention if it is "necessary for preparation of the person's

2

defense or for another compelling reason." *See id.* at (i).

On March 10th, the Court conducted a hearing to inquire into the availability of conditions of release that would assure the Defendant's attendance at trial and not pose a risk to the community. It appears that the Defendant has community support for his release; that he continues to own a residence that would be suitable for his occupancy pending trial; that conditions of electronic monitoring, curfew, and supervision will adequately protect the community, but assure his access to counsel and availability for the preparation of the Defendant's defense.

Under these circumstances, the Court will modify its previous detention order and allow the Defendant to be released with the United States Probation Office for the Eastern District of North Carolina supervising the Defendant on a daily basis so that he will reside at his former residence subject to electronic monitoring and a curfew from 7:00 a.m. to 7:00 p.m.; that he will be allowed to travel within the Eastern District of North Carolina; that he will be allowed to engage in gainful employment and assist his lawyers in preparation of his defense; that he is not to possess a firearm or other dangerous weapon; that he is not to contact Bonnie Heart, or his former wife, or his child, or his wife's family; that he is not to have any independent contact with witnesses for the government in this case; and comply with the other conditions set forth in the conclusion of this Order. This Order shall take effect at noon on March 17, 2006, unless otherwise ordered by this Court or a reviewing Court.

3

## CONCLUSION

For the reasons stated above, and in the interests of justice, the Court ORDERS that Defendant be released pending trial. The Court has considered a range of conditions by inquiry with the United States Probation Office for this District, and has taken into account the respective interests of the various parties involved in this case. Accordingly, Defendant is released subject to the following conditions. Defendant shall:

- Execute a bond or an agreement to forfeit, upon failing to appear as required, the following sum of money or designated property: 105 Cherokee Lane, Lillington, North Carolina.

- Report to the probation office or supervising officer as directed.

- Maintain or actively seek employment.

- Abide by the following restrictions on personal association, place of abode, or travel: Within the Eastern District of North Carolina.

- Obtain no passport.

- Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including, but not limited to: Bonnie Heart, Kerry Passaro, and Tamara Passaro, except with Tamara Passaro regarding the visitation of Anthony Passaro. The defendant shall inform the probation office of his scheduled contact with Anthony Passaro.

- Refrain from possessing a firearm, destructive device, or other dangerous weapons.

- Refrain from excessive use of alcohol.

- Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § § 802, unless prescribed by a licensed medical practitioner.

- Submit to any method of testing required by the supervising probation officer for determining whether the defendant is using a prohibited substance.

4

- Participate in the home detention program and abide by all the requirements of the program which will include electronic monitoring or other location verification system. This means Defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the supervising officer.

- Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is required as a condition of release.

- Report as soon as possible to the supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

- Consent to a warrant less search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of Defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

SO ORDERED.

This 14 day of March, 2006.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5