UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID A. PASSARO | RESPONSE TO GOVERNMENT'S REQUEST TO INTRODUCE ALLEGED UNCHARGED MISCONDUCT EVIDENCE |

Defendant David Passaro, by and through the undersigned counsel, requests that this Court not allow unreliable, inflammatory and irrelevant evidence during this trial. Mr. Passaro categorically denies any of the claims made in the government pleading which seeks to introduce information suggesting he ever assaulted the son of Mr. Passaro's estranged wife.

### BACKGROUND

On March 9, 2006, the government filed a notice of intent and request to introduce evidence of uncharged misconduct. The government says that it interviewed Matthew Michael Newman at some undisclosed location during the two weeks preceding the filing. According to the government, Mr. Newman, who is the son of Kerry Passaro, suddenly recalls that Mr. Passaro repeatedly assaulted him "with a Mag light" flashlight, beginning shortly after Kerry and Dave married, when Mr. Newman was supposedly six years old. The government claims that this alleged twenty year old evidence is necessary to rebut Mr. Passaro's anticipated denial that he assaulted Abdul Wali during combat questioning in Afghanistan. The government also claims that this alleged evidence is necessary to prove specific intent during the claimed assault upon Mr. Wali. The government also believes the claimed

1

information will disprove that an accident occurred in Afghanistan.  The unstated reason the government desires to introduce the unsupportable claims, is to show that Mr. Passaro acted in conformity with the claimed misconduct, at least twice during the twenty year intervening period (at the unstated location(s) claimed by Mr. Newman, and again in Afghanistan).

**ARGUMENT**

1. On March 9, 2006, the government filed notice and a motion seeking to introduce alleged evidence that twenty years ago, Mr. Passaro assaulted the son of Kerry Passaro, his estranged wife.

2. The government says that it discovered this "evidence" only two weeks ago, even though the claims appear to coincide with the public statements made repeatedly by the government during the last eighteen months whenever the government described its case against Mr. Passaro.

3. Kerry Passaro, her daughter, and son Matthew have had ample opportunity to read the many news reports repeating the claims made by the government in this case.  It is no surprise that they now raise claims consistent with the government's allegations. However, Mr. Newman's accounting of the claimed decades-old assault adds an embellishment that Mr. Passaro supposedly made him choose which weapon would be used to commit the assaults, reminiscent of the tragic scene of recollected child abuse from the popular movie, *Good Will Hunting*.

4. Mr. Passaro categorically denies the allegations, and maintains that they result from his ex-wife's continued bitterness over her loss of an alimony claim during their divorce some years ago.

5. Even if the alleged claims were accepted as true, they are so remote in time, so unreliable and fraught with bias, and so unsupported by any objective corroboration, that they can add nothing but unfair prejudice to the real issues to be resolved by this trial.

6. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Fed. R. Evid. 401.

7. Evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or if there is a danger of misleading the jury. Fed. R. Evid. 403. The government seems to want to shift the focus of this trial away from Asadabad, and to evoke an emotional response by the jury against Mr. Passaro by claiming that he is guilty of a child abuse claim never before raised in any forum. The danger of unfair prejudice, if this Court allows the government to label Mr. Passaro a child abuser, cannot be overstated

8. Allegations suddenly raised by an obviously biased witness cannot possibly shed light on what occurred between Mr. Passaro and the alleged victim in June 2003 in war time in Afghanistan. This evidence is in no way relevant to the charge pending against Mr. Passaro and any probative value it could be argued to have is far outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

9. The government's unstated motive in offering this evidence is to buttress its otherwise weak evidence from Asadabad, by suggesting that Mr. Passaro somehow acted in Asadabad in conformity the way he is claimed to have acted at some unstated location twenty years before. Such conformity evidence is inadmissible. Fed. R. Evid. 404(a) and 404(b).

10. The government implicitly admits such improper purpose by suggesting that Mr. Passaro, then a UPS employee and later an army medic, was so skilled at interrogation and torture techniques, that he was able to torture his son for eight years without leaving a mark.[1] The government apparently needs this evidence to explains the lack of medical and physiological evidence (such as bruising or other injury) corroborating either the alleged assaults on the step-son, or the allegations that he assaulted Wali

---

[1] Mr. Passaro never received army training or certification as an interrogator.

in Afghanistan.

11. Moreover, the government has provided insufficient notice to Mr. Passaro to permit such allegations to be raised during this trial. Mr. Passaro may be unable to adequately investigate and disprove these sudden new claims, because so much time has passed, and documents that once existed contradicting the allegations, may have long been destroyed.

12. Mr. Passaro maintains that any court documents relevant to custody claims by Kerry Passaro and her ex-husband David Newman, contain no reference to any allegations of abuse by Mr. Passaro. If such court records did exist, but are no longer available, Mr. Passaro would be unfairly disadvantaged in this trial, because he would not be able to obtain documents that would unequivocally refute these claims made on the eve of trial. The same is true for a lack of reports to Department of Social Services, etc., which one would expect to find in legitimate claims of child abuse. Waiting twenty years to make these claims makes it almost impossible to defend against such allegations.

13. Rule 404(b) exists, among other reasons, to prevent needless trials within trials. Allowing the government to shift the proper focus in this case away from what occurred in Asadabad would reduce this Court to a forum where domestic antagonists seek to determine who could sling the most mud, and would not serve the interests of justice nor the parties.

WHEREFORE, the defendant respectfully requests that this Court enter an Order precluding the government from seeking to admit at trial any evidence of claims that Mr. Passaro assaulted Matthew Newman.

Respectfully requested this 15th day of March, 2006.

                THOMAS P. McNAMARA
                Federal Public Defender

                /s/ Joseph B. Gilbert
                JOSEPH B. GILBERT
                Assistant Federal Public Defender
                Attorney for Defendant
                Office of the Federal Public Defender
                150 Fayetteville Street Mall
                Suite 450, Wachovia Capital Center
                Raleigh, North Carolina 27601
                Telephone: 919-856-4236
                Fax: 919-856-4477
                E-mail: Joseph_Gilbert@fd.org
                N.C. State Bar No. 21395
                LR 57.1 Counsel
                Appointed

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAMES A. CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by electronically filing the foregoing with the Clerk of Court on March 15, 2006, using the CM/ECF system which will send notification of such filing to the above.

This the 15th day of March, 2006.

/s/ Joseph B. Gilbert
JOSEPH B. GILBERT
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street Mall
Suite 450, Wachovia Capital Center
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Joseph_Gilbert@fd.org
N.C. State Bar No. 21395
LR 57.1 Counsel
Appointed