IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


FILED
MAR 2 4 2006
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

No. 5:04-CR-211-1-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DAVID A PASSARO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is now before the Court on Defendant's Motion to Dismiss Indictment on Void for Vagueness Grounds, Defendant's Motion to Strike Indictment Surplusage, and Defendant's Motion for a Bill of Particulars on Counts Two and Four of the Indictment. The Government responded to each of the motions, which were jointly filed on December 27, 2005. For the reasons discussed below, Defendant's motions are DENIED.

## BACKGROUND

The instant motions all concern the sufficiency of the pending Indictment against Defendant. This Indictment, which was returned by a grand jury on June 17, 2004, charges Defendant with two counts of assault with a dangerous weapon and two counts of assault resulting in serious bodily injury, all in violation of 18 U.S.C. § 113.[1]

At the time of the alleged assault, Defendant was an independent contractor working on

---

[1] Counts 1 and 3 charge Defendant with willfully, knowingly, and intentionally assaulting the victim with a dangerous weapon with intent to cause bodily harm to the victim in violation of § 113(a)(3). Counts 2 and 4 charge Defendant with knowingly and intentionally assaulting the victim, and that such assault resulted in serious bodily injury to the victim in violation of § 113(a)(6). *See* Indictment Dated June 17, 2004.

behalf of the Central Intelligence Agency ("CIA"). He was operating out of a military base occupied by American forces near the town of Asadabad, the capital of Kunar Province, Afghanistan ("Asadabad Base").

The victim named in the Indictment is Abdul Wali, a suspected terrorist whom Defendant interrogated on June 19 and 20, 2003 at Asadabad Base. The General Allegations portion of the Indictment, which is incorporated by reference into each of the four counts, alleges that over the course of his interrogations, Defendant "beat Wali, using his hands and feet, and a large flashlight." The last sentence additionally provides that Wali "died in a cell on Asadabad Base on June 21, 2003."

## DISCUSSION

I.  *Motion to Dismiss Indictment on Void for Vagueness Grounds*

Defendant has moved the Court to dismiss the Indictment on void for vagueness grounds, arguing that the assault statute under which he is charged is unconstitutionally vague as applied to his case. Defendant contends that 18 U.S.C. § 113 is "incapable of providing fair notice of the proscribed conduct to similarly situated CIA operatives, and of curtailing arbitrary enforcement by the Justice Department."[2] Also, he contends that 18 U.S.C. § 7(9), the jurisdictional statute

---

[2]The relevant portions of 18 U.S.C. § 113 provide that, "[w]hoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

(3) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by a fine under this title or imprisonment for not more than ten years, or both.
(6) Assault resulting in substantial bodily injury, by a fine under this title or imprisonment for not more than ten years, or both."

18 U.S.C. §§ 113(a)(3),(a)(6).

2

upon which the Government's authority to prosecute the alleged crimes is based, contributes to this vagueness.[3]

The Fourth Circuit has held that "[t]he void for vagueness doctrine requires that penal statutes define crimes so that ordinary people can understand the conduct prohibited and so that arbitrary and discriminatory enforcement is not encouraged." *United States v. McLamb*, 985 F.2d 1284, 1291 (4th Cir. 1993). Therefore, in evaluating whether a statute is vague, "a court must consider both whether it provides notice to the public and whether it adequately curtails arbitrary enforcement." *United States v. Klecker*, 348 F.3d 69, 71 (4th Cir. 2003) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983)). In addition, "[v]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." *United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002) (quoting *United States v. Mazurie*, 419 U.S. 544, 550 (1975)).

In light of these principles, the Court finds that the assault statute is not unconstitutionally vague when applied to Defendant's case. First, the statute provides fair notice that the conduct allegedly engaged in by Defendant is prohibited. It clearly states, in language that a reasonable person of ordinary intelligence can understand, that assault with a dangerous weapon or resulting in serious bodily injury, constitutes criminal conduct. *See United States v. Hogue*, 752 F.2d 1503, 1504 (9th Cir. 1985) (holding that a defendant is deemed to have fair notice of an offense

---

[3]The Patriot Act amended 18 U.S.C. § 7 to include ¶ 9. *See* Pub.L. 107-56 § 804, 2001 H.R. 3162, Oct. 26, 2001. Paragraph 9 states in relevant part that "[w]ith respect to offenses committed by or against a national of the United States ... (A) the premises of United States diplomatic, consular, military or other United States Government missions or entities in foreign states, including the buildings, parts of buildings, and land appurtenant or ancillary thereto or used for purposes of those missions or entities, irrespective of ownership[.]" 18 U.S.C. § 7(9)(A).

3

if a reasonable person of ordinary intelligence would understand that his conduct is prohibited by the law in question). The statute leaves little doubt that beating an individual with hands, feet, and a large flashlight, even if the individual is a suspected terrorist, constitutes a criminal assault. Therefore, the assault statute provides ample notice to CIA operatives who are similarly situated to Defendant.

In addition, by its express terms, the assault statute discourages arbitrary and discriminatory enforcement. Not only does it clearly define a criminal assault, but both sections under which Defendant is charged, namely 18 U.S.C §§ 113(a)(3) and (a)(6), require proof of intent. *See United States v. Sturgis*, 48 F.3d 784, 786 (4th Cir. 1995) (holding that conviction under Section113(a)(3) "requires proof of (1) an assault, (2) with a dangerous weapon, (3) with intent to do bodily harm"); *United States v. Davis*, 237 F.3d 942, 944 (8th Cir. 2001) (explaining that "[a]ssault resulting in serious bodily harm requires a finding of general intent"). Such a requirement ensures that an individual charged under these sections intended the alleged assault, thereby divesting law enforcement authorities of complete discretion in their charging decisions. *See Kolender*, 461 U.S. at 357 (holding that statute which "vests virtually complete discretion in the hands of the police to determine whether the suspect has satisfied the statute" was unconstitutionally vague). In fact, the Fourth Circuit has held that "[t]he intent requirement alone tends to defeat any vagueness challenge based on the potential for arbitrary enforcement." *Klecker*, 348 F.3d at 71.

Furthermore, the jurisdictional statute which authorizes the assault statute's application to Defendant, does not render it unconstitutionally vague. In response to Defendant's Motion to Dismiss for Lack of Jurisdiction, the Court already examined the language of the jurisdictional

4

statute in considerable detail. Relying on "the common-language dictionary operative terms," the Court determined that 18 U.S.C. § 7(9) clearly extends the United States' jurisdictional reach to cover the circumstances forming the basis of Defendant's alleged crimes. In light of this finding, Defendant has failed to present a convincing argument as to why the jurisdictional statute contributes to the assault statute's vagueness.

Therefore, as applied to the facts of this case, the assault statute is not void for vagueness. It provides fair notice as to what constitutes criminal conduct in violation of its express terms, and by requiring proof of intent, it establishes adequate guidelines to curtail arbitrary and discriminatory enforcement.[4] Accordingly, Defendant's Motion to Dismiss Indictment on Void for Vagueness Grounds is DENIED.

II.  *Motion to Strike Indictment Surplusage*

Defendant has also moved the Court to strike the last sentence of the General Allegations portion of the Indictment as surplus language. The sentence states that Wali died in a cell on Asadabad Base on June 21, 2003. Defendant asserts that the fact that Wali died has no relevance to the crimes with which he is charged, and any reference to it in the Indictment would "only serve to inflame the passions of the jury against [him], to confuse the issues, or to mislead the jury into concluding something the Government has not even charged (causation)."

The Government argues that Wali's death, approximately one day after Defendant

---

[4]The Court notes that both sections of the assault statute under which Defendant is charged have survived void for vagueness challenges. *See United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976) (holding that Section 113(c), the predecessor statute to Section 113(a)(3), was not "impermissibly indefinite"); *United States v. Fitzgerald*, 882 F.2d 397, 398 (9th Cir. 1989) (holding that the phrase "serious bodily injury" did not render Section 113(a)(6), unconstitutionally vague when applied to the facts of the case, even though Section 113(b) which defines the phrase had not yet been added).

5

allegedly beat him, is "an extremely relevant fact" which should not be stricken from the Indictment. Specifically, the Government argues that this fact has a direct relationship to the Government's proof that Defendant beat Wali, and that it is highly probative of the underlying charges of assault resulting in serious bodily injury. In addition, the Government contends that the high probative value of this information is not "substantially outweighed by the danger of unfair prejudice," which would justify its exclusion.[5] *United States v. McRae*, 593 F.2d 700, 703 (5th Cir. 1978)

The Court agrees with the Government. A motion to strike surplus language pursuant to Federal Rule of Criminal Procedure 7(d), should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, the fact that Defendant's alleged victim died is clearly relevant, particularly because the statute under which Defendant is charged defines serious bodily injury as one involving a "substantial risk of death." *See* 18 U.S.C. § 1365(h)(3)(A). Moreover, Defendant has failed to demonstrate that consideration of Wali's death is unfairly prejudicial, or any other grounds which demand its exclusion. Accordingly, Defendant's Motion to Strike Indictment Surplusage is DENIED.

---

[5] Rule 403 of the Federal Rules of Evidence provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

6

III.  *Motion for a Bill of Particulars*

Defendant has also moved this Court pursuant to Federal Rule of Criminal Procedure 7(f), for an order directing the Government "to specify the 'serious bodily injury' it alleges in the Indictment and intends to prove at trial." Defendant claims a bill of particulars providing this information is necessary so he can understand the nature of the charges in Counts Two and Four of the Indictment, and prepare his defense and avoid unfair surprise at trial.

The Government argues that Defendant's motion should be denied because a bill of particulars is not warranted in this case. The Government maintains that the Indictment clearly identifies the specific acts of which Defendant is accused, and the assault statute provides sufficient definition of what constitutes "serious bodily injury." Therefore, the Government claims any additional information about the injuries sustained by Wali is unnecessary.

The Court again agrees with the Government. A bill of particulars is only necessary when an indictment fails to apprise the defendant of the charges against him with sufficient precision so he can prepare a defense, avoid unfair surprise at trial, and plead double jeopardy in case of future prosecution for the same offense. *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987); *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). It "is not a general investigative tool for the defense, nor is it a device to compel disclosure of the government's evidence prior to trial." *United States v. Matos-Peralta*, 691 F.Supp. 780, 791 (S.D.N.Y. 1977) (citations omitted). Rather, a bill of particulars "merely amplifies the indictment by providing missing or additional information so the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996).

Here, the Indictment qualifies as the requisite "plain, concise and definite written

7

statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It carefully tracks the words of the assault statute, and specifies the date, location and victim of the offense. It additionally alleges that the assault perpetuated by Defendant, using his hands, feet, and a large flashlight, directly resulted in the named victim's serious bodily injury, which is specifically defined by the statute.[6] Therefore, the Indictment clearly identifies the specific acts of which Defendant is accused, and sufficiently apprises Defendant of the charges against him. *See Matos-Peralta*, 691 F. Supp. at 791) (finding that a bill of particulars is only required "where the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused"). Although the information Defendant seeks would certainly be helpful, Defendant can effectively prepare for trial given the information provided in the Indictment and the assault statute itself. Accordingly, Defendant's Motion for a Bill of Particulars on Counts Two and Four is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Indictment on Void for Vagueness Grounds, Defendant's Motion to Strike Indictment Surplusage, and Defendant's Motion for a Bill of Particulars on Counts Two and Four of the Indictment, are DENIED. This

---

[6]The assault statute expressly requires that "the term 'serious bodily injury' has the meaning given in section 1365 of this title." 18 U.S.C. § 113(b)(2). Section 1365(h)(3) provides that "the term 'serious bodily injury' means bodily injury which involves–

(A) a substantial risk of death;
(B) extreme physical pain;
(C) protracted and obvious disfigurement;
(D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty."

18 U.S.C § 1365(h)(3).

8

case may proceed in its entirety.

SO ORDERED.

This the 23rd day of March, 2006.

                                                                  TERRENCE W. BOYLE
                                                                  UNITED STATES DISTRICT JUDGE