FILED
APR 0 5 2006
CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

U.S.A. vs. David Anthony Passaro            Docket No. 5:04-CR-211-1 BO

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Michael D. Shepard, probation officer of the court, presenting an official report upon the conduct of defendant, David Anthony Passaro, who was placed under pretrial release supervision by the Honorable Terrence W. Boyle, U.S. District Judge, sitting in the court at Raleigh, North Carolina, on the 14th day of March, 2006, under the following conditions:

- Execute a bond or an agreement to forfeit, upon failing to appear as required, the following sum of money or designated property: 105 Cherokee Lane Lillington, North Carolina.

- Report to the probation office or supervising officer as directed.

- Maintain or actively seek employment.

- Abide by the following restrictions on personal association, place of abode, or travel: Within the Eastern District North Carolina.

- Obtain no passport.

- Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including, but not limited to: Bonnie Heart, Kerry Passaro, and Tamara Passaro, except with Tamara Passaro regarding the visitation of Anthony Passaro. The defendant shall inform the probation officer of his scheduled contact with Anthony Passaro.

- Refrain from possessing a firearm, destructive device, or other dangerous weapons.

- Refrain from excessive use of alcohol.

- Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

David Anthony Passaro
Docket No. 5:04-CR-211-1BO
Petition For Action
Page 2

- Submit to any method of testing required by the supervising officer for determining whether the defendant is using a prohibited substance.

- Participate in the home detention program and abide by all the requirements of the program which will include electronic monitoring or other location verification system. This means Defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the supervising officer.

- Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is required as a condition of release.

- Report as soon as possible to the supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

- Consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

A separate order was filed on March 14, 2006, which ordered the defendant to abide by a curfew from 7:00 a.m. to 7:00 p.m.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On March 31, 2006, around 10:14 p.m., the North Carolina Highway Patrol was called out to investigate an accident that occurred in Harnett County. EMS were the first to arrive at the scene of the accident. They reported that medical treatment was recommended for both Ms. Robertson and Mr. Passaro. Ms. Robertson received medical treatment; however, Passaro signed a waiver denying medical treatment and left the scene of the accident prior to law enforcement arrival. When Trooper J. B. Barbour arrived at the scene, he observed a 2003 Nissan Maxima on its left side. The driver of the vehicle was identified as Samantha Robertson, age 26, of Raleigh, North Carolina, and the passenger was later identified as David Passaro. The probation officer verified through the Department of Motor Vehicles that Ms. Robertson is the owner of the vehicle involved in the accident.

David Anthony Passaro
Docket No. 5:04-CR-211-1BO
Petition For Action
Page 3

According to the Highway Patrol, the vehicle was traveling west on Ray Road when it lost control, crossed the centerline and struck a ditch and a wood fence. It overturned several times before coming to rest on its left side. The trooper estimated the car was traveling 80 miles per hour. Trooper Barbour observed opened and sealed bottles of wine in the vehicle. Ms. Robertson consented to a breathalyzer with results below the legal alcohol limits. She was charged with Careless and Reckless Driving. The accident is still under investigation.

Passaro had not received prior approval from the probation officer to be out of his residence on the evening of March 31, 2006.

**PRAYING THAT THE COURT WILL ORDER** that an arrest warrant be issued to determine whether the defendant's bond should be revoked.

Reviewed and approved,

_____
Bonnie J. Medlin
Senior U.S. Probation Officer

I declare under penalty of perjury that the Foregoing is true and correct,

_____
Michael D. Shepard
U.S. Probation Officer
310 New Bern Ave., Room 610
Raleigh, NC 27601-1441
Phone: (919) 861-8660
Executed on: April 5, 2006

**ORDER OF COURT**

Considered and ordered this 5-7TH day of April, 2006, and ordered filed and made a part of the records in the above case.

_____
Terrence W. Boyle
U.S. District Judge