IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION



No. 5:04-CR-211-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVID A. PASSARO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion to Compel Witness Interviews. Specifically, Defendant seeks an Order from the Court directing the Government to produce various individuals for interview who may have "material and relevant information" to the trial of his case. Defendant maintains that he "cannot determine exactly which witnesses to subpoena and to call as witnesses in defense of this matter" until he is afforded "a fair opportunity to interview the same witnesses the government has already interviewed." The Government has responded, and for the reasons discussed below, Defendant's motion is DENIED.

## BACKGROUND

The instant motion concerns Defendant's pretrial access to individuals who are current and former employees of the Central Intelligence Agency ("CIA") and the Department of Justice.[1] On May 12, 2005, after naming these individuals as potential witnesses, Defendant received a letter from the CIA's Office of General Counsel. This letter informed Defendant that

---

[1] These individuals include: George Tenet, Porter Goss, J. Cofer Black, Steven R. Kappes, John E. McLaughlin, Michael J. Sulick, Michael Scheuer, James L. Pavitt, Alberto R. Gonzales, David S. Addington, John C. Yoo, the two independent CIA contractors who served with Defendant at Asadabad Firebase, the individual responsible for hiring Defendant, and "the paramilitary chief."

due to internal agency regulations, employees were prohibited from speaking with his defense team absent advance authorization from the CIA. *See* 32 C.F.R. § 1905.3(a) (forbidding any employee from producing materials or information without prior authorization from the CIA). It further noted that to gain such authorization, Defendant needed to submit his requests for testimony to the General Counsel's Office in accordance with these regulations. *See* 32 C.F.R. § 1905.4(d) (providing that a party seeking testimony must provide "a reasonably detailed description of the testimony sought, in the form of an affidavit or, if that is not feasible, a written statement" to the CIA's Office of General Counsel).

Defendant received a similar letter from the United States Attorney for the Eastern District of North Carolina on April 15, 2005, notifying him of comparable regulations governing access to Department of Justice employees. This letter clearly stated that the regulations required Defendant "to make a formal request" which specified the particular testimony he wished to elicit and the reasons it was necessary. *See* 28 C.F.R. § 16.23(c) (providing that when oral testimony is sought in a matter in which the United States is a party, the party seeking the testimony, or the party's attorney, must furnish "an affidavit, or, if that is not feasible, a statement... setting forth a summary of the testimony sought" to the Department of Justice attorney handling the matter).

## DISCUSSION

There is no general constitutional right to discovery in a criminal case. *United States v. LaRouche*, 896 F.2d 815, 826 (4th Cir. 1990) ("Criminal defendants do not have a 'general' constitutional right to discovery"). In most circumstances, a defendant must point to a statute, rule of criminal procedure, or other reason why he is entitled to such discovery. *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). Here, Defendant has failed to point to any legal

2

authority which allows him to compel the witness interviews he seeks. As the Government properly points out, this is because no such authority exists. *See United States v. Tipton*, 90 F.3d 861, 889 (4th Cir. 1996) ("There is no right to have witnesses compelled to submit to interview"); *United States v. Casseus*, 282 F.3d 253, 257 (3rd Cir. 2002) (upholding district court's decision to refuse to order the prosecution to disclose and allow the defense to interview the only eyewitness in the case, who was in the prosecution's custody).

Defendant has also not been denied access to potential witnesses. *See United States v. Walton*, 602 F.2d 1176, 1179-80 (4th Cir. 1979) ("A witness is not the exclusive property of either the government or the defendant; a defendant is entitled to have access to any prospective witness, although in the end the witness may refuse to be interviewed"). The witnesses may not have been authorized to speak with Defendant because he has failed to comply with required administrative procedures.[2] Congress authorized federal agencies to enact regulations which establish agency policies and procedures concerning requests for testimony about official activities. *See* 5 U.S.C. § 301; *United States ex rel. Touhy v. Ragen*, 340 U.S.462 (1951) (upholding agency regulations as a valid exercise of authority). Based on this statutory authority, the CIA and the Department of Justice validly enacted the regulations noted in their respective letters.

Therefore, in order to gain access to certain witnesses, Defendant must comply with these

---

[2]Moreover, a defendant's constitutional right to access government witnesses does not attach to any witness whom he wishes to call. *United States v. Rivera*, 412 F.3d 562, 569-70 (4th Cir. 2005). Rather, a defendant must demonstrate that the witness would testify "in his favor" by providing testimony material to his cause. U.S. Const. amend. VI; *United States v. Moussaoui*, 382 F.3d 453, 471 (4th Cir. 2004). Mere "speculation" that a witness may have critical information falls short of the "proper showing" required to compel testimony. *Rivera*, 412 F.3d at 570.

3

agency regulations. However, he has not provided the CIA's Office of General Counsel with a written statement or affidavit giving a reasonably detailed description of the testimony sought, nor has he requested authorization to speak with CIA employees about any specific issue. Likewise, he has not provided the Department of Justice with the additional information it requires, and specifically requested, to evaluate the proposed testimony he seeks. This failure is consequently fatal to his request for an Order to compel. *See United States v. Fuller*, No. 92-5390, 1993 U.S. App. LEXIS 27058, at * 31 (4th Cir. Oct. 15, 1993) (upholding district court's refusal to issue subpoena of Assistant United States Attorney because defendant did not comply with Department of Justice regulations).

## CONCLUSION

Defendant essentially seeks to compel witness interviews by an Order from the Court authorizing the release of information when he has failed to comply with the proper administrative procedures for the release of this information. Because there is no legal basis for this request, Defendant's Motion to Compel Witness Interviews is DENIED.

SO ORDERED.

This the 5 day of July, 2006.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE