IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION



No. 5:04-CR-211-1-BO

UNITED STATES OF AMERICA, )
)
v. ) ORDER
)
DAVID A. PASSARO, )
)
Defendant. )
_____ )

This matter is before the Court on the Government's Notice of Intent to Introduce Prior Misconduct and Motion *In Limine* for Leave to Introduce Such Evidence. Defendant responded, and for the reasons discussed below, the Government's motion is DENIED.

## BACKGROUND

Defendant is charged with two counts of assault with a dangerous weapon and two counts of assault resulting in serious bodily injury, all in violation of 18 U.S.C. § 113.[1] These charges are predicated upon Defendant's alleged activities during his interrogation of Abdul Wali, a suspected terrorist, on June 19 and June 20, 2003 in Afghanistan.[2] Specifically, the Government alleges that while interrogating Wali on these dates, Defendant beat the detainee with his hands, feet, and a large flashlight. In addition, the Government alleges that Defendant used the

---

[1] Counts One and Three charge Defendant with willfully, knowingly, and intentionally assaulting the victim with a dangerous weapon with intent to cause bodily harm to the victim in violation of § 113(a)(3). Counts Two and Four charge Defendant with knowingly and intentionally assaulting the victim, and that such assault resulted in serious bodily injury to the victim in violation of § 113(a)(6). *See* Indictment Dated June 17, 2004.

[2] At the time of the alleged assault, Defendant was an independent contractor working on behalf of the Central Intelligence Agency ("CIA"). He was operating out of a military base occupied by American forces near the town of Asadabad, the capital of Kunar Province, Afghanistan.

flashlight to temporarily blind the detainee, shining it directly into Wali's eyes to ensure his powerlessness against the ensuing blows.

On March 9, 2006, the Government filed the motion presently before the Court to admit evidence of Defendant's prior misconduct at trial. In particular, the Government seeks to introduce evidence that over the course of his marriage to Kerry Passaro, Defendant "systematically beat" his stepson, Matthew Michael Newman, using different objects, including a Mag light flashlight.[3] The Government contends that these beatings were Defendant's typical "means of interrogating [his stepson] in connection with minor household mishaps," and that Defendant "boasted to Newman that he was an experienced interrogator and knew hot to beat a person without leaving any visible marks on the victim's body." The Government additionally alleges that on one occasion, Defendant showed Newman "how to use the Mag light to temporarily blind a subject and then, while the victim was temporarily blinded, strike him with the light."

In support of its motion, the Government argues that the proffered evidence is relevant to the instant case, establishing that Defendant possessed the specific intent to inflict bodily harm upon Wali, as required by 18 U.S.C. § 113(a)(3); that he knew how to inflict bodily injury without leaving a visible trace of such injury; and that any injuries inflicted upon Wali were not "the accidental or unintended consequence of efforts to comply with instructions from superiors

---

[3] According to the Government, these beatings began in 1988 when Newman was eight years old and continued until 1995, only stopping because Newman "was old enough to report the abuse and formal custody was changed as a result." Defendant "categorically denies" the allegations and claims they stem from his ex-wife's "continued bitterness over her loss of an alimony claim during their divorce."

2

in conducting the interrogation."[4]

## DISCUSSION

Rule 404(b) of the Federal Rules of Evidence provides that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such evidence may be admissible for other purposes, such as showing "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* Generally, the Fourth Circuit has interpreted the rule broadly, holding that it "is an inclusive rule that allows admission of evidence of other acts relevant to an issue in a trial except that which tends to prove only criminal disposition." *United States v. Watford*, 894 F.2d 665, 671 (4th Cir. 1990).

In this circuit, the admissibility of evidence regarding prior acts turns on whether it meets four criteria. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). The evidence must be: (1) relevant to an issue other than character, such as an element of the offense; (2) necessary "in the sense that it is probative of an essential claim or an element of the offense"; (3) reliable; and (4) admissible under Federal Rule of Evidence 403.[5] *Id.* at 997. Therefore, although evidence may technically be admissible under Rule 404(b), it may be excluded under Rule 403 if its probative value is substantially outweighed by its prejudicial nature. *United States v. Ham*, 988

---

[4]"Relevant evidence" is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "In order for evidence to be relevant, it must be sufficiently related to the charged offense." *United States v. Rawle*, 845 F.2d 1244, 1247, n.3 (4th Cir. 1988).

[5]Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

3

F.2d 1247, 1252 (4th Cir. 1993).

In the instant case, the Government argues that the proffered evidence "plainly satisfies" this four-pronged test. With respect to the first criteria, the Government asserts, as previously noted, that the evidence is relevant because it is probative of both Defendant's intent and knowledge, and rebuts the anticipated claim that Wali's injuries were accidental.[6] Defendant, on the other hand, strongly disputes its relevance, and argues that the evidence only serves to buttress the Government's case "by suggesting that [Defendant] somehow acted in Asadabad in conformity [with] the way he is claimed to have acted... twenty years before."

The Court agrees with Defendant. The principal value of the evidence at issue relates not to Defendant's "intent" to commit the present offenses but to Defendant himself. It is precisely the criminal propensity evidence Rule 404(b) is designed to preclude. *Hernandez v. United States*, 975 F.2d 1035, 1041 (4th Cir. 1992). Moreover, the evidence concerns acts which allegedly began eighteen years ago, and is far too remote in time to justify admission under Rule 404(b). *See United States v. Davis*, 657 F.2d 637, 639 (4th Cir. 1981) ("The government may not use evidence of misdeeds long past to prove that the defendant committed the crimes with which he is now charged."); *Hernandez*, 975 F.2d at 1039 ("Evidence to show intent is not admissible when the unrelated bad act is tenuous and remote in time from the charges in the indictment.") (internal quotation and citation omitted).

---

[6]The Government additionally argues that because religious practices and local custom precluded a forensic examination of Wali's body and "the preservation of evidence potentially probative of [Defendant's] state of mind," this case is analogous to those involving child abuse or infanticide in which prior acts evidence generally is admitted. *See, e.g., United States v. Leight*, 818 F.2d 1297, 1301-04 (7th Cir. 1987) (noting that, "[b]ecause of the difficulties commonly encountered in showing that a child has been abused, courts have often treated evidence of abuse of other children as relevant and admissible").

4

Even assuming the proffered evidence satisfied the first three criteria for admissibility under Rule 404(b) and was more recent in time, it is subject to exclusion under Rule 403. In the Court's view, there is a strong possibility that evidence of Defendant's alleged involvement in repeated acts of child abuse would inflame a jury, exposing Defendant to significant prejudice which "substantially outweighs" the probative value of the evidence. *See Morgan v. Foretich*, 846 F.2d 941, 945 (4th Cir. 1998) ("The possibly prejudicial effect of evidence can require exclusion only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.") (internal quotation and citation omitted).

## CONCLUSION

For the reasons discussed above, the Government's Motion *In Limine* for Leave to Introduce Evidence of Defendant's Prior Misconduct is DENIED.

SO ORDERED.

This the 21 day of July, 2006.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE