


FILED
AUG 0 2 2006
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-211-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| DAVID A. PASSARO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion to Compel Discovery. Specifically, Defendant seeks documents which he claims are discoverable pursuant to the *Brady v. Maryland* doctrine of exculpatory evidence and the dictates of Rule 16 of the Federal Rules of Criminal Procedure.

## BACKGROUND

Defendant is charged with two counts of assault with a dangerous weapon and two counts of assault resulting in serious bodily injury, all in violation of 18 U.S.C. § 113.[1] These charges are predicated upon Defendant's alleged activities during his interrogation of Abdul Wali, a suspected terrorist, on June 19 and June 20, 2003 in Afghanistan.[2]

The instant motion concerns Defendant's pretrial access to two sets of documents. First,

---

[1] Counts One and Three charge Defendant with willfully, knowingly, and intentionally assaulting the victim with a dangerous weapon with intent to cause bodily harm to the victim in violation of § 113(a)(3). Counts Two and Four charge Defendant with knowingly and intentionally assaulting the victim, and that such assault resulted in serious bodily injury to the victim in violation of § 113(a)(6). *See* Indictment Dated June 17, 2004.

[2] At the time, Defendant was a contractor working on behalf of the Central Intelligence Agency ("CIA"). He was operating out of a military base occupied by American forces near the town of Asadabad, the capital of Kunar Province, Afghanistan ("Asadabad Base").

Defendant seeks classified memoranda allegedly exchanged between the CIA and the Department of Justice in August 2002.[3] Defendant argues that these memoranda clarify which techniques were considered legally permissible in conducting interrogations of suspected terrorist detainees, like Wali. He further contends that they authorize the use of interrogation techniques which were "more severe than any actions purportedly taken by [him]." Therefore, Defendant argues that these memoranda are material to his public authority defense, establishing that "authority existed allowing conduct much more egregious than that alleged by the Government in this case."

Next, Defendant seeks the email communications between military personnel at Asadabad Base and higher headquarters in the weeks before Wali was taken into custody on June 18, 2003, and following his death three days later.[4] Defendant contends that "military personnel took actions to clear themselves of responsibility" in the incident, and their communications with higher headquarters "will establish bias and motive." Therefore, Defendant argues that these communications "are clearly relevant and material to the defense."

## DISCUSSION

Pursuant to *Brady* and its progeny, the government is required to disclose evidence that "is both favorable to an accused and 'material either to guilt or punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*, 373 U.S. 83, 87(1963)). This requirement includes the disclosure of potentially impeaching information "when the reliability of a given

---

[3]Defendant claims that the CIA requested "a legally binding opinion about techniques permissible during interrogations," and the Department of Justice responded with "a memorandum stating explicitly which techniques were permissible."

[4]Wali was a local Afghani suspected of participating in rockets attacks on Asadabad Base. He surrendered himself voluntarily at its date on this date.

2

witness may well be determinative of guilt or innocence." *Giglio v. United States*, 405 U.S. 150, 154 (1972) (internal quotation marks and citation omitted). In addition, Rule 16(a)(1)(E) calls for the government's disclosure of items that are "material to preparing the defense."[5] Fed. R. Crim. P. 16(a)(1)(E)(i). Evidence is "material" if there is a "reasonable probability that it will affect the result of the proceeding." *Bagley*, 473 U.S. at 682.

I.  *The Memoranda*

The Government points out that Defendant's request for the specified memoranda "is inextricably intertwined with the viability of [his] public authority defense." Defendant also acknowledges this reality, arguing that the Government is withholding the very communications between the CIA and Department of Justice that will establish the viability of this defense. The Court has reserved ruling on the issue until the factual record is developed at trial.

The Fourth Circuit has held that a defendant has a valid public authority defense, that is, he lacks "criminal intent... if two elements are met: (1) the defendant honestly believed that he was acting in cooperation with the government, and (2) the government official or officials upon whose authority the defendant relied possessed actual authority to authorize the otherwise criminal acts." *United States v. Fulcher*, 250 F.3d 244, 253 (4th Cir. 2001). The fact that the conduct may have been authorized by some existing authority is irrelevant if the defendant did not rely on and was in fact unaware of that authority.

Even assuming the classified memoranda do exist, Defendant is not entitled to them at

---

[5] Rule 16(a)(1)(E) provides, in pertinent part, that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph" documents "within the government's possession, custody, or control" which are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).

3

this time. Before Defendant can demand the production of these documents, he must proffer some evidence showing his reliance on the acts or statements of a government official whose actual authority to authorize his conduct can be traced back to the memoranda. He must proffer evidence of key essentials to a public authority defense, such as the specific acts he was allegedly authorized to perform or the identity of the government official upon whose actual authority he allegedly relied. Accordingly, the Court reserves ruling on the production of the memoranda until such time as Defendant proffers this evidence and a proper showing is made.

II. *The Email Communications*

Defendant argues that the email communications are material to the preparation of his defense because the military personnel who attended Wali had a motive to blame Defendant for his death and any injuries he sustained while in their custody. In response, the Government states that it is well-aware of its obligations under *Brady* and its progeny, and any emails suggesting such a motive or falsely implicating Defendant in Wali's death, if they exist, have properly been discovered to Defendant. In addition, the Government states that it fully intends to comply with its Jencks Act obligations. Specifically, if any military personnel testify for the Government at trial, any statements made by the witness which are in the Government's possession, including any emails, will be turned over to Defendant, provided the statement relates to the witness' testimony. *See* 18 U.S.C. § 3500.

The Government has stated that it has produced all exculpatory and impeaching material as required by the *Brady* line of cases, as well as all Rule 16(a)(1)(E) material, and the Court has no reason to doubt the Government's compliance with its discovery obligations. If Defendant can make a showing that the Government has wrongfully withheld email communications, or

4

other any other communications, which are exculpatory and would support his claim that military personnel, or other government agents, took actions to clear themselves of responsibility in the incident, these communications will be required, by the Court, for production, *in camera*, to assure that Defendant's rights under *Brady* and Jencks are protected. Accordingly, the Court reserves ruling on this issue until such time as an adequate showing is made by Defendant.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Compel Discovery is DENIED under the conditions set forth in this Order.

SO ORDERED.

This the 2 day of August, 2006.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE