UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-1BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID A. PASSARO | DEFENDANT'S REQUEST<br>FOR VOIR DIRE |

Defendant, David A. Passaro, by and through his undersigned counsel, hereby respectfully requests that this Honorable Court question potential jurors on the following matters, in addition to those matters set forth in Local Rule 6.02:

1.  The juror's name; age; place of residence and length of time there; marital status; number and ages of children; occupation; length of time there; or previous employment; and spouse's occupation.

2.  The juror's schooling and degrees acquired.

3.  Whether the juror has ever served in the United States military. If so, what branch, when, where, and rank and military specialty, if any.

4.  Are any members of the juror's family in law enforcement?

5.  Whether the juror presently belongs to any civic, fraternal, professional or social organizations. If so, which ones, and has the juror ever held any office in these organizations?

6.  Whether the juror has ever served on a jury before, and if so, was it a civil or criminal matter? Did the jury ever reach a verdict?

7. Whether the juror has ever sat as a juror in a civil case. If so, do they understand the differences in the burden of proof?

8. Whether the juror has ever served on a federal or state grand jury. If so, does the juror understand the differences in the burden of proof?

9. Whether the juror or any member of his family or close friend has ever been a victim of a crime? If so, what were the circumstances? How was the case resolved?

10. Does the juror know any of the parties, their lawyers, witnesses, the judge, other members of the jury, or anyone else connected with the case such as law enforcement personnel? How?

11. Whether juror has relationships by blood, marriage or close friendship to individuals employed by any law enforcement agencies, either state, city, or county or any agency of the United States government.

12. Whether any juror would give greater credibility to a government agent or expert witness or law enforcement officer simply because that witness works for the government.

13. Whether any juror or a member of his immediate family has ever worked in law enforcement, security, or investigations either for the state, county, city or federal government.

14. How the juror feels about the basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt. Would the juror have any difficulty applying this presumption?

15. Does the juror realize that the burden of proof is greater for a criminal case then for a civil case? Does the juror understand that the burden of proof beyond a reasonable doubt rests with the prosecution? Does the juror understand that the prosecution must prove each and every element of an offense beyond a reasonable doubt?

16. Knowing that the burden of proof is for the prosecution to establish, does any juror expect the defendant at any time to prove his innocence?

17. Whether each juror is prepared to presume the defendant innocent throughout the trial, and to hold the government to its burden of proof beyond a reasonable doubt for each and every element of each count.

18. Do any jurors own a firearm or have firearms available to them? Do any jurors have strong feelings against the ownership of firearms by citizens?

19. Is any juror, or their family members or close friends, involved in a citizen crime prevention program, such as Neighborhood Watch?

20. Are jurors, or their close friends or family members, active in any political, church, or social group, actively opposed to American actions taken since September 11, 2001, in the Global War on Terror?

21. Does any juror have such strong feelings about the Global War on Terror that you would be unable to fairly weigh the evidence in a case alleging assault by a CIA member upon a prisoner in Afghanistan?

22. Has any juror ever been a defendant, victim or witness in any criminal case? If so, please explain how, and whether your experience would cause you to automatically want to side with either the government or the defendant before you hear any evidence.

23. Whether any juror would have difficulty expressing his/her own opinions and thoughts about this case to your fellow jurors?

24. Whether any juror would tend to go along with the majority of jurors even if you did not agree, just because you were in the minority?

25. Whether any juror has formed any opinions about either prosecutors or defense

attorneys which would affect you in deciding this case?

26. Has the juror at this time formed any opinion about the guilt or innocence of the defendant?

27. Whether any juror has heard about the facts of this case through the media such as in a newspaper, on television, or by any other means? Has what you learned through the media caused you to want to side automatically with either the government or the defendant before you hear the evidence? Would you be able to set aside whatever you have seen, read or heard, and judge the facts of this case only by the evidence presented in court, according to the instructions from the Court?

28. Has any juror's work or personal interests caused them to study the law of war or treatment of combat prisoners? If so, please explain.

29. Does any juror have strong feelings for or against the Central Intelligence Agency (CIA)?

30. Was any juror's relative or close friend either killed or injured in the September 11, 2001 attack on America, or in the combat actions taken since then in Afghanistan or Iraq? If so, would this cause you to want to side with either the government or defendant before hearing the evidence?

31. Has any juror, or a close friend or relative, ever been held captive as a prisoner of war?

Respectfully requested this 3rd day of August, 2006.

THOMAS P. McNAMARA
Federal Public Defender


/s/ Joseph B. Gilbert
JOSEPH B. GILBERT
Assistant Federal Public Defender
150 Fayetteville Street Mall Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Joseph_Gilbert@fd.org
N.C. State Bar No. 21395
LR 57.1 Counsel
Appointed

CERTIFICATE OF SERVICE

The undersigned certifies that service was made upon:

JAMES CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by electronically filing the foregoing with the Clerk of Court on August 3rd, 2006, using the CM/ECM. system which will send notification of such filing to the above.

Respectfully submitted this 3rd day of August, 2006.


THOMAS P. McNAMARA
Federal Public Defender


/s/ Joseph B. Gilbert
JOSEPH B. GILBERT
Assistant Federal Public Defender
150 Fayetteville Street Mall, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477

E-mail: Joseph_Gilbert@fd.org
N.C. State Bar No. 21395
LR 57.1 Counsel
Appointed