UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:01-CR-211-1-1BO

**FILED**

**AUG 0 4 2006**

CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES OF AMERICA )
)
v. )
)
)
DAVID A. PASSARO )

**GOVERNMENT'S MOTION FOR PERMISSION TO UTILIZE PROPOSED
TRIAL EXHIBITS DURING ITS OPENING STATEMENT**

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully files this motion seeking the Court's permission for the Government to utilize some of its proposed trial exhibits during its opening statement to the jury. In support of this motion, the Government states as follows:

**STATEMENT OF FACT**

1. The Government wishes to use during its opening statement certain exhibits which the Government intends to move into evidence during the trial. The Government believes these exhibits, when published to the jury during opening, will assist the jury in remembering, understanding, and analyzing all the evidence and testimony admitted in the trial.

2. The Government noticed the attorneys for Defendant Passaro by letter dated August 1, 2006 (See Attachment), of its

intention to use certain enumerated exhibits in its opening statement

3. On August 2, 2006, the attorneys for Defendant Passaro advised the Government that they objected to the Government's intended use of the exhibits, with the exception of two of them, items 6) and 7) in the letter (photo of Asadabad detention cells and a map depicting Afghanistan). That objection necessitates the filing of this motion.

**ARGUMENT**

4. By tradition and practice the parties to a federal criminal trial are permitted to make an opening statement to the jury, despite the absence of any explicit authorization for doing so in the Federal Rules of Criminal Procedure.

5. The purpose of an opening statement "is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole." United States v. Dinitz, 424 U.S. 600, 604, 96 S.Ct. 1075 (1976)(concurring opinion of Burger, J.). "The prosecutor explains the nature of the charge, outlines sufficiently the supportive evidence which he expects to prove, and identifies the issues." C. Torcia, ed., 3 Wharton's Criminal Procedure, (footnotes deleted).

6. The Government is entitled to describe the evidence and the testimony of witnesses that it reasonably expects to present

during the course of the trial. United States v. Kalagion, 957 F.2d. 527 (8th Cir. 1990). But it is improper to relate evidence that the prosecutor would know is of questionable admissability. United States v. Novak, 918 F.2d 107, 109 (10th Cir. 1990).

7. A prosecutor should refrain from mentioning in opening any evidence or testimony that is the subject of a pending motion to exclude or suppress, even if he/she has a good faith belief in its admissability. United States v. Chirinos, 112 F.3d 1089, 1096 (11th Cir. 1997); United States v. Grinaldi, 606 F.2d 332, 338, (1st Cir. 1979).

8. With regard to the specific items the Government wants to display to the jury in its opening, the Government has a good-faith belief in the relevance and admissability of each item. Also, there are no pending motions by the Defendant challenging any of those specific items.

9. Each of the specific items will assist the jury in its understanding of the evidence and the issues in the case. There is, therefore, no principled reason to prohibit the Government from using the listed items before the jury in its opening statement.

WHEREFORE, for all of the above reasons, the Government respectfully urges the entry of an Order permitting the Government to use the items listed in the attachment hereto in its opening statement.

Respectfully submitted this 4th day of August, 2006.

Sincerely,

GEORGE E. B. HOLDING
Acting United States Attorney

_____
BY: MICHAEL P. SULLIVAN
Special Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **GOVERNMENT'S MOTION FOR PERMISSION TO UTILIZE PROPOSED TRIAL EXHIBITS DURING ITS OPENING STATEMENT** was hand delivered on this ___4th___ day of August, 2006, to:

Joseph Gilbert
Federal Public Defender


_____
MICHAEL P. SULLIVAN
Assistant United States Attorney



U. S. Department of Justice

United States Attorney
Eastern District of North Carolina

| Terry Sanford Federal Building | Telephone (919) 856-4530 |
| 310 New Bern Avenue | Criminal FAX (919) 856-4487 |
| Suite 800 | Civil FAX (919) 856-4821 |
| Raleigh, North Carolina 27601-1461 | www.usdoj.gov/usao/nce |

August 1, 2006

Mr. Joseph Gilbert
Assistant Federal Public Defender
Raleigh, North Carolina

       Re: United States v. David Passaro

Dear Mr. Gilbert:

    I write to give you notice of our intention to use certain exhibits during the Government's opening statement. These exhibits have all been previously provided to you during discovery. These exhibits will be "published" to the jury during opening statement when reference is made to them.

    The Government will also move to admit these exhibits through appropriate witnesses during its case-in-chief.

    The exhibits are listed below:

        1)    CIA guidance to the field dtd 3 Dec 02

        2)    DA Form 1594, Jail Roster

        3)    Detainee SOP for MSS Asadabad

        4)    Photo of Wali Taken on 18 Jun 03

        5)    Post-Mortum photos of Wali

        6)    Photo of Detention cells at Asadabad firebase

        7)    Map of Central Asia, depicting Afghanistan

    If you have any questions, or any objections to these exhibits, please advise at your earliest convenience.

                Sincerely,

                GEORGE E. B. HOLDING
                Acting United States Attorney

                MICHAEL P. SULLIVAN
                Assistant United States Attorney

**(ATTACHMENT)**