UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID A. PASSARO | CONSTITUTIONAL OBJECTIONS TO DISCOVERY AND EVIDENTIARY RULINGS |

Defendant David A. Passaro, by and through undersigned counsel, respectfully submits this notice of constitutional objections to the Court's discovery and evidentiary rulings denying access to witnesses and documents that would provide evidence of the true scope of the Central Intelligence Agency's authority to interrogate terrorist suspects, during the period of time relevant to this prosecution. These rulings are: (1) The Court's January 31, 2006 Denial of the Government's Motion in Limine to Exclude the Public Authority Defense, specifically, the portion of the Order denying Mr. Passaro access to discovery on the scope of the C.I.A's interrogation authority; (2) The Court's July 5, 2006 Order denying Mr. Passaro's Motion to Compel Witness Interviews, a motion which sought access to current and former C.I.A. and Department of Justice ("D.O.J.") employees with knowledge of the standards of interrogation approved for use by the C.I.A. in the Global War on Terror; (3) The Court's August 2, 2006 Order denying Mr. Passaro's Motion to Compel C.I.A. and D.O.J. documents related to the rules of interrogation for C.I.A. field operators conducting interrogations as part of the Global War on Terror; (4) The Court's August 4, 2006 Order denying Mr. Passaro's Request for Reconsideration of the Court's June 26, 2006 Order issued pursuant to Section 6 of the Classified

1

Information Protection Act ("C.I.P.A."); (5) The Court's rulings on the government's Motion to Quash Subpoenas; and (6) The Court's rulings during trial, based on the July 26, 2006 CIPA § 6 Order, precluding counsel for Mr. Passaro from eliciting testimony relevant to the scope of the C.I.A.'s interrogation authority in Afghanistan in 2003, and relevant to the amount of payments made by the United States to the provincial governor of Konar Province, Afghanistan.

As argued in Mr. Passaro's Request for Reconsideration of the C.I.P.A. § 6 Order and in several filings on the Public Authority Defense (Docket Entry Nos. 165, 191, 215), Mr. Passaro contends the Court has denied access to the requested discovery and evidence based on an incorrect application of the Public Authority Defense and on the government's unsupported assertion that no one in the C.I.A. had authority to sanction conduct that would otherwise constitute a criminal assault. Mr. Passaro will not repeat these arguments here.

Rather, through this filing, Mr. Passaro seeks to preserve for the record his constitutional grounds for objecting to the rulings delineated above. Collectively, these rulings have denied Mr. Passaro's access to evidence – both documentary and testimonial – that is essential to the public authority defense and the defense of "innocent intent," both of which require a showing that the agency involved had actual authority to sanction the charged conduct. In addition, these rulings have permitted the government to argue to the jury that Mr. Passaro's conduct violated the applicable standards of conduct for C.I.A. interrogations. In fact, the government's theory of the case – introduced in opening argument and elicited through many of its witnesses – is that Mr. Passaro believed he personally had "special rules" that no other government agent had. At the same time, the Court's rulings have denied Mr. Passaro and jury from full access to those standards applicable to the C.I.A.

The legal implication of this denial of access is a denial of Mr. Passaro's due process right to present a complete and meaningful defense. *Holmes v. South Carolina*, 126 S.Ct. 1727, 1731 (2006)

("Whether rooted directly in the Due Process Clause . . . or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense"); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense").

The Court's rulings have also implicated Mr. Passaro's Sixth Amendment rights to Compulsory Process, Confrontation and Effective Assistance of Counsel. By denying Mr. Passaro access to the very evidence he needs to prepare and present a defense, the Court's rulings have hindered Mr. Passaro's "right to present his best defense," a right guaranteed by the Fifth and Sixth Amendments. *United States v. Abbas*, 74 F.3d 506, 510 (4th Cir. 1996).

Respectfully submitted this 15th day of August, 2006.

THOMAS P. McNAMARA
Federal Public Defender

/s/ Joseph B. Gilbert
JOSEPH B. GILBERT
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street Mall
Suite 450, Wachovia Capital Center
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Joseph_Gilbert@fd.org
N.C. State Bar No. 21395
LR 57.1 Counsel
Appointed

*CERTIFICATE OF SERVICE*

      I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAMES A. CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by hand delivering a copy of same

      This the 15th day of August, 2006.

      /s/ Joseph B. Gilbert
      JOSEPH B. GILBERT
      Assistant Federal Public Defender
      Attorney for Defendant
      Office of the Federal Public Defender
      150 Fayetteville Street Mall
      Suite 450, Wachovia Capital Center
      Raleigh, North Carolina 27601
      Telephone: 919-856-4236
      Fax: 919-856-4477
      E-mail: Joseph_Gilbert@fd.org
      N.C. State Bar No. 21395
      LR 57.1 Counsel
      Appointed